BEATTY and others, appellants, and DE FOREST, respondent.

After a sale in a foreclosure suit, and the purchaser has got his deed, a writ of assistance will go, *ex debito justitiæ,* to put him in possession.

Appeal from an order of the Court of Chancery. The opinion of the Chancellor is reported in 10 *C. E. Green* 343.

*Mr. Cortlandt Parker,* for appellants.

*Mr. John A. Miller, Jr.,* and *Mr. Williamson,* for respondent.

The opinion of the court was delivered by
THE CHIEF JUSTICE.

There was a sale in a foreclosure suit, and the appellee became the purchaser of the property at the sale, and subsequently the sheriff executed to him a deed in due form. He then filed a petition for a writ of assistance, to enable him to get possession of the premises. This application was resisted by the appellants, who were the defendants in the foreclosure suit, on the ground that the sale made by the sheriff was not a fair one. The Chancellor ordered the writ of assistance to issue, and from this order the present appeal is taken.

I can see no legal ground for the controversy that seems to have been superadded to the legitimate proceedings in this case. While the decree of foreclosure and the deed by the sheriff remain unimpeached, there is no propriety in permitting a party against whom such decree has passed, to ask the court not to help to put them into effect. If a defendant has any just and prevalent objections to make, either to the decree or the sheriff's deed, the law has provided a method in which he can have a hearing. But here no attempt is made to open the decree or set aside the deed; the whole effort being to solicit the court to withhold its hand and leave the party, whom it has divested of all title, in possession of the premises

sold by its own order. What equity is there in driving the purchaser to his ejectment? The only effect is to put upon him the costs of such a proceeding, and subject him to a loss of the profits of the property during the pendency of such suit. The appellants could have no defence to that action, for in the eye of the law they are mere trespassers on the land, and liable for all damages resulting from holding the possession. In my opinion, a purchaser under a decree, having a sheriff's deed, has as much right to the assistance of the court to be put in possession, as a plaintiff in a court of law has to an execution after judgment. In the case of *Blauvelt* v. *Smith*, 7 *C. E. Green* 31, the writ of assistance is stated to be an "extraordinary relief." But I see no reason to so regard it. It is true that it is of comparatively recent use in this state. In the year 1853, in the case of Grant v. Quinn, being solicitor in the cause, I applied to Chancellor Williamson for this process, and after looking into the New York authorities, it was ordered to be issued. This was the first occasion in which the proceeding was resorted to in our practice; the antecedent and ancient remedy being the action of ejectment. The new method immediately superseded the old one, and has been in constant use ever since its introduction. This remedy is founded on the general principle that a court of equity will, when it can do so justly, carry its own decrees into full execution, without relying on the co-operation of any other tribunal. The consequence is, it cannot refuse its aid to one of its suitors in this respect, except on some reasonable ground of equity. When, therefore, as in the present case, there is nothing more than a prayer on the part of a defendant to be left in possession of the premises which have been sold and conveyed, such prayer is simply a request that the court will not execute its own decree, but will leave it to a court of law to do that duty in a more dilatory form. It seems to me such an application should not be entertained.

I think the Chancellor was right in ordering the issuing of the writ in question, and that such order should be affirmed, with costs.

Order unanimously affirmed.