The Clark Thread Company, appellant,

*v.*

The William Clark Company, respondent.

[Filed June 20th, 1898.]

1. When a defendant has infringed a trade-mark belonging to several independent manufacturers, he should not be required to account to one of those manufacturers for all the profits realized through the infringement; he can be held responsible to each for only so much of the profit as has been diverted from him.

2. The opinion of Vice-Chancellor Reed in this cause (*10 Dick. Ch. Rep. 658*) approved.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *Clark Thread Co.* v. *William Clark Co., 10 Dick. Ch. Rep. 658.*

*Mr. Edward Q. Keasbey* and *Mr. H. D. Donnelly,* of New York, for the appellant.

*Mr. Richard V. Lindabury,* and *Mr. C. B. Meyer,* of New York, for the respondent.

The opinion of the court was delivered by

Dixon, J.

The original bill in this cause was filed July 17th, 1895, by the Clark Thread Company against the William Clark Company, to restrain the defendant from doing certain acts claimed to be an infringement and invasion of the good will of the complainant as a manufacturer and seller of spool cotton and thread, and to obtain an account with respect to such acts previously done. As the pleadings were finally moulded, a decree rendered June 23d, 1896, in the circuit court of the United States for the southern district of New York, in a cause wherein the Clark Thread Company was complainant, and Herbert G. Armitage, an agent of the William Clark Company, was defendant, was set up by both parties as a judicial determination of the scope of the complainant's right to injunction. No other evidence of its right was offered.

Under these circumstances, we think the definition of the complainant's right should be expressed, as nearly as may be, in the terms of the federal decree. The chancellor's decree departs from these terms in what may be substantial particulars, and should be so modified as to secure conformity. Of course, this will not prevent the complainant from showing that acts of the defendant, not disclosed or contemplated in the federal suit, were violative of the right thus defined.

It appears in the case that the Clark Mile-End Spool Cotton Company, as well as the complainant, had the right to call its product Clark's thread, and to use the word "Clark" upon its labels, and that this right may have been violated by some of the acts of the defendant which infringed the complainant's right. In this condition of things it seems to us inequitable to hold the defendant responsible to the complainant for *all* the profits realized by the defendant from its wrongful conduct. Its responsibility to the complainant should be confined to such profits as were diverted from the complainant, and such damages as the complainant otherwise sustained, leaving the defendant answerable to the Mile-End company for the profits unlawfully

diverted from it.  In this respect, also, the decree should be modified.

With regard to the other points raised by the appellant, we have nothing to add to the opinion of Vice-Chancellor Reed (*10 Dick. Ch. Rep. 658*), by which we think they are satisfactorily disposed of, so far as their disposition is essential to our decree.

Let the decree below be reversed, and a new decree for the complainant be entered in accordance with these views.

*For reversal*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH—14.

*For affirmance*—None.