# The Delaware, Lackawanna and Western Railroad Company

## v.

## Harry W. Breckenridge et al.

[Submitted December 5th, 1898.  Filed December 19th, 1898.]

1. Equity has jurisdiction to enjoin one from using pipes for transporting oil across a railroad right of way, where the pipes extend underneath the tracks, without the owner's consent.

2. In a suit to enjoin the use of another's land, defendant is estopped from asserting a right to use it under a license, evidence of which had been admitted and considered no defence under the general issue in a prior action of ejectment, as the judgment would conclusively settle the rights of the parties under the license, though ordinarily evidence of such a license is inadmissible under the general issue.

3. A judgment in ejectment, deciding that a certain deed did not confer on defendant a right to lay pipes through plaintiff's land, settles the question as to the legal effect of the deed, as a question of law, thereby precluding defendant from asserting any right under the deed in a suit to enjoin the flow of oil through the pipes.

---

On bill, &c.  On final hearing, after trial of title at law, and application for permanent injunction.

*Mr. Chauncey G. Parker*, for the complainant.

*Mr. Henry S. Harris* and *Mr. Joseph M. Roseberry*, for the defendants.

EMERY, V. C.

This bill was filed to compel the removal of iron pipes laid by defendants, under lands crossed by complainant's railroad, and to which lands complainant claimed a legal title, under a deed given by one Stewart to the complainant's predecessors in title.  The pipes were intended to be used in the transportation of oil across the state and as a part of the pipe line of defend-

ants constructed from the Delaware river for that purpose. The bill was filed immediately after the pipes were laid, and after the removal of the pipes by complainant had been forcibly resisted by defendants, but before the use of them for oil transportation, and the bill sought also an injunction against the use of the pipes for the transportation of oil. The answer of the defendants denied the legal title of the complainant to the *locus in quo*, and set up on its part legal title to the lands in which the pipes were laid, under title from Stewart acquired subsequently to complainant's deed, and also claimed the legal right to lay the pipes in question by virtue of an agreement contained in Stewart's deed to the company. This agreement provided for the erection by the company, under the railroad, " of a suitable wagon road or crossing;    *    *    *    so as to enable said Stewart to travel and cross freely between his lands on each side of said granted premises." Defendants had acquired Stewart's title to the lands on each side of the crossing in question, and, by their answer, in addition to the legal title to the lands covered by the crossing, by the deeds covering the crossing itself, claimed also the right to lay the pipes in question, as succeeding to Stewart's rights to a crossing, under his deed to the company. The defendants admitted, in their answer, that the pipes were intended for the transportation of oil, and asserted that they did this " as of their lawful right."

On the hearing of the cause it was directed that the complainant bring an action at law against the defendants

" touching the laying of said pipes, or the entry upon or occupation of the crossing or any part thereof for that purpose, or the use of the said pipes for the transportation of oil or any other purpose,"

and that the cause stand over until after judgment in the action at law. No direction was given as to the form of the action. Complainant brought an action of tort in the nature of trespass *quare clausum fregit,* one of the acts of trespass alleged being the laying of the two lines of pipe. The defendants pleaded only the general issue. It appears by the proceedings at the trial, which have been put in evidence on this hearing as part of the

record, that the defendants put in evidence the deeds under which they claimed title under Stewart to the crossing itself and also the deeds under which they claimed title to the lands on each side of the crossing. All of the deeds were admitted, after objection by the plaintiff's counsel that the defence of title should have been specially pleaded, in order that, on the return of the record to this court, it might appear on the record that the title was tried. The objection was overruled on the ground that title in trespass might be proved by defendants under the general issue, and all of the deeds were admitted over the plaintiff's objection. No special objection to the admission of any of the deeds seems to have been made at the trial by the plaintiff, on the ground that justification or license for laying the pipes under the title conveyed by the deeds for the lands on each side of the crossing could not be proved under the general issue. These deeds being admitted, and being, therefore, before the court and jury for all the legal purposes of the trial, defendants' counsel requested the court to charge the jury that the laying of pipes and the transportation of oil therein were within the stipulation of the deed of Stewart as to a crossing. The court declined so to charge, and charged that the reservation was of a right of passage to and fro over the surface of the ground, and did not entitle the grantor or his assigns to occupy, exclusively, any portion of the land conveyed, either on the surface or under it. To this charge exception was taken by defendants, as also to the charge directing a verdict for the plaintiff. Judgment being entered on the verdict, a writ of error to the court of errors and appeals was taken, and on the application of the complainant for an injunction pending the appeal, the cause was further directed to stand over to a day, waiting the decision on appeal. The judgment being affirmed, complainant now, upon the whole record and the evidence now introduced (by stipulation) that the pipes are in actual use by defendants for the transportation of oil, moves for final decree of injunction. Defendants oppose such decree upon two grounds:

*First.* That the court of equity has no jurisdiction. This want of jurisdiction is claimed for the reason that the complain-

D., L. & W. R. R. Co. *v.* Breckenridge.

ant's title and rights are purely legal, and that for their protection it has ample remedy at law. It is contended that ejectment for the pipes would give full relief. But, while ejectment for the pipes or the removal of the pipes by complainant itself from its lands would afford relief, if the pipes were still unused, as they were when the case was first set down for hearing, it is clear that only a court of equity can now protect complainant in the possession of its property. The injury to complainant which now requires equitable relief is the use of the pipes by defendant for transporting oil, a use which was only threatened when the bill was filed, but which now exists. No process of the court of law nor any legal action by complainants (which must be confined to their own lands) can remedy the injury of the continual use of their lands and the invasion of their proprietary rights by acts committed by defendants on their own lands. Unless the flow of oil across the complainant's lands is prevented, complainant's rights in its lands are not fully protected, and the only process by which such flow of oil from the defendants' lands across complainant's can be stopped is by an injunction against defendant forbidding the use of the pipes in the crossing for this or any other purpose.

Complainant's bill was properly filed in anticipation of this threatened use, and to prevent it if unlawful, and the defendants, after the filing of the bill, undertook the use of the pipes upon the risk that, if complainant's legal title was established, the equitable relief by injunction on final hearing as prayed by the bill would be allowed against the use of the pipes, under the claim of right which was asserted by the answer and actually exercised pending the suit and at the time of final hearing.

This case, as now presented on final hearing, belongs to the class where the legal title is directed to be settled at law as a question preliminary to the ultimate relief purely equitable, founded on that legal title when established, and is distinguished from the class of cases cited by defendants' counsel, where the whole scope of the proceedings in equity is the settlement in the first instance of a disputed legal title and there is no inadequacy in the legal remedies.

The *second* ground urged against the relief by injunction is that the question of defendant's right to lay the pipes under the agreement for crossing, contained in Stewart's deed to the company, was not settled in the action at law. It is claimed that such right, if it existed, was not a defence admissible under the general issue, but could be tried at law only under a special plea of license or justification, and it is therefore argued that this question has not been tried on the action at law and is still an open question here. This objection cannot prevail. In the *first* place, although the general rule in courts of law as to the admission, under the general issue, of evidence of acts showing justification may be as stated, yet the record shows that in this particular case the defence of justification or license to defendants as the owners of adjoining lands was in fact admitted by a court of law under the general issue. I must therefore consider it as the law of this case, conclusively settled by a court of law, that the rights of defendant to a crossing under its deeds were tried and properly tried under the general issue. And when it is also considered that these deeds for the lands on the sides of the crossing (which were admissible, so far as I can see, solely for the purpose of justifying the trespass) were offered by defendant and admitted over complainant's objection, that the defendants set up a claim to license under the deeds, and that the court, on defendant's request, both at the trial and on error, considered and ruled on the defence of justification or license raised by these deeds as properly in the case, the contention of defendants on this hearing that their claim of a crossing right was not tried and settled in the action at law must be overruled as not well founded on fact and as contrary to the doctrine of estoppel in such cases. *Borcherling* v. *Ruckelshaus, 3 Dick. Ch. Rep. 436; S. C., 4 Dick. Ch. Rep. 340 (Errors and Appeals, 1892).* In this case it was held (*4 Dick. Ch. Rep. 342*) that the action of the trial judge overruling, on plaintiff's motion, evidence of acts tending to show an estoppel as not admissible at law, established such ruling as the law of that case and between the parties, on the question of its admissibility at law, and that

the plaintiff could not afterwards, in a court of equity, successfully insist that the defence was admissible at law.

The defendants, therefore, appear to have had on this trial their trial by jury on the legal rights set up in their answer, and the protection of this constitutional right does not require another trial in another action.

*Second.* Inasmuch as the equitable jurisdiction in this case is based on the necessity of protecting a legal right by injunction because all legal remedies are ineffectual, complainant has the right to an injunction when the legal right is sufficiently established. For this purpose the opinion delivered in the court of errors and appeals, by direction of the court, upon the construction of Stewart's deed to complainant, both as to the nature of the title conveyed to the company and as to the nature of the crossing rights, settle the question of the construction and legal effect of this deed. The decision settles these questions as questions of law, and this decision is not only binding on this court but must be considered as so settling the construction and operation of the deed as to relieve the complainant from further settling at law the rights of defendants under the deeds which have been set up in their answer.

Upon the whole case, I conclude, therefore, that the defendants are entitled to an injunction as prayed against the use of the pipes for the transportation of oil across the lands in question or any other purpose. Complainant, at the hearing, applied for a mandatory injunction compelling the removal of the pipes by defendants, but this application was subsequently withdrawn. The form of decree will be settled on notice, if necessary.