MILDRED E. MELOSH, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Decided April 1, 1926.

**Negligence—Injury to Motor Vehicle and Owner by Trolley Car —Verdict for Plaintiff Inadequate as to Compensation for Personal Injuries.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff, *Melosh, Morten & Melosh.*

For the defendant, *Joseph Coult (Leonard J. Tynan,* of counsel).

PER CURIAM.

There was a verdict for the plaintiff in the Hudson County Circuit, and against the defendant, for $785, in an action brought against it by the plaintiff to recover damages for personal injuries she sustained and for damages done to her automobile in which she was riding and operating through the alleged carelessness of the defendant's servants in the operation and running one of the defendant's trolley cars upon a public highway by running the car into the rear of the plaintiff's automobile, with the result that she was bruised in and about her body, sustained an incomplete fracture of the ninth rib and nervous shock. The accident happened at about four o'clock in the afternoon on the 23d day of May, 1924. Her car was standing still in the trolley tracks, and she testifies that she was waiting for the traffic officer to give the signal to go ahead; she had been in this position for three or four minutes when, as she says, there was "an awful crash from the back which I was not expecting. and

the next thing I remember was Officer Tremble taking me up and giving me air." The damage done to the automobile she describes as follows: "Why, the back was all caved in and the rear springs were bulged about like that [indicating]. The tank was all shattered and all the glass was broken. Every bit of the upholstery was as if somebody had taken a knife and cut it. The front seat had been torn out from the impact from the rear. * * * I was sitting upright. When the policeman took me out I was down flat; the seat was just pushed right out flat." She further testified that she fainted, "was terribly shaken up" and had an "awful pain in her side." The medical testimony disclosed that she had an incomplete fracture of the ninth rib, and that she was suffering from nervous shock and was in a highly nervous condition, which would last at least for some time to come. The plaintiff's complaint contained four counts. The first count sought to recover damages for personal injuries sustained by her, namely, for pain and sufferings and moneys laid out for medical treatment and medicines; the second count for damages, because of the impaired value of the car; the third count to recover expenses incurred in repairing the car, and the loss of the use of the car for a period of eight weeks; the fourth and last count to recover the sum of $77.80, the value of the insurance premium paid by her on the car, and which was lost to her by reason of the collision. The jury's verdict, as recorded, is: "They found a verdict in favor of the plaintiff and against the defendant and assess the damages as follows: For damages to the car, $635; for doctors, $50; for personal injuries, $100; making a total of $785, and so they say all."

The circumstance that the jury itemized the damages is helpful in the solution of the question, whether or not it arrived at its result through mistake, or inadvertence or prejudice. There was, and could only properly be, a single verdict under the form of action brought. The plaintiff obtained a rule to show cause why the verdict should not be set aside.

It is argued in the brief of counsel of plaintiff that the verdict is inadequate as to the amount of damages awarded for personal injuries. We find no fault with the finding of the jury under the evidence as to the property damages, but the amount of damages awarded by the jury as compensation for the personal injuries sustained by the plaintiff is clearly inadequate and for this reason, the plaintiff is entitled to have the verdict set aside and a new trial ordered.

Rule to show cause is made absolute, costs to abide the event.