CAMDEN, ATLANTIC AND VENTNOR LAND COMPANY, APPELLANT, v. VENTNOR CITY AND WEST JERSEY AND SEASHORE RAILROAD COMPANY, RESPONDENTS.

CAMDEN, ATLANTIC AND VENTNOR LAND COMPANY, APPELLANT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, AND ATLANTIC CITY AND SHORE RAILROAD COMPANY, RESPONDENTS.

Argued May 31, 1929—Decided October 14, 1929.

For the appellant, *Starr, Summerill & Lloyd.*

For the respondents, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

KALISCH, J. Two legal questions were presented on an agreed state of facts for decision to Judge Sooy, sitting in the Atlantic County Circuit Court, without a jury. One of the questions involved the construction to be given to a deed made by the Camden and Atlantic Land Company, on October 12th, 1888, and by which deed it conveyed certain premises situate on Absecon Beach, in the township of Egg Harbor, to the Camden and Atlantic Railroad Company. Subsequently, on May 8th, 1889, the Camden and Atlantic Land Company, by deed, conveyed to the plaintiff-appellant, the Camden, Atlantic and Ventnor Land Company, "all of the

former's real and personal property and estate of every character and description wheresoever, and all its property rights, of every form and character, real, personal and mixed."

On February 28th, 1896, the Camden and Atlantic Railroad Company was merged into the West Jersey and Seashore Railroad Company, the defendant-respondent. It is conceded by the appellant that by virtue of such merger the West Jersey and Seashore Railroad Company acquired all the rights of the Camden and Atlantic Railroad Company in the premises in question.

The grant in the deed by which the Camden and Atlantic Land Company conveyed the premises in question to the Camden and Atlantic Railroad Company is as follows: "Have granted, bargained, sold, released and confirmed, and by these presents do grant, bargain, sell, release and confirm unto the said Camden and Atlantic Railroad Company and to their successors and assigns all the following lot," &c.

The *habendum* clause of the deed reads: "To have and to hold the said lot or piece of land, hereditaments and premises hereby granted with the appurtenances unto the said Camden and Atlantic Railroad Company, their successors and assigns, forever, so long as the same shall be used by said railroad company for railroad purposes."

In May, 1911, the plaintiff-appellant brought an action in ejectment in the Supreme Court against the defendant-respondent, the West Jersey and Seashore Railroad Company, and the respondent the Atlantic City and Shore Railroad, the latter being joined as a defendant because of an agreement which had been made between it and the West Jersey and Seashore Railroad Company in 1906, for the use by the former of the latter's tracks, &c., between the Inlet, Atlantic City and Longport, whereby the Atlantic City and Shore Railroad Company had acquired an interest in the land in controversy.

The action came on for trial before Judge Howard Carrow, at the Atlantic Circuit, on a state of facts agreed upon between counsel of respective parties in the cause. It is quite evident from the facts stipulated that the two issues raised

by the documentary evidence in the case, together with such facts, were: (1) Does the deed of October 12th, 1888, vest in the Camden and Atlantic Railroad Company, subsequently merged in the West Jersey and Seashore Railroad Company, a fee-simple absolute in the premises in question? (2) If not, and the deed vests only a qualified fee in the railroad company, was there a breach of the condition contained in the clause of defeasance, whereby the title to and possession of the premises reverted to the plaintiff-appellant as the successor to the original grantor?

It is, therefore, quite clear that the construction to be given to the deed was a matter of prime importance, and was in direct issue between the parties in controversy, for if the deed in question conveyed an estate in fee-simple, then, whatever the West Jersey and Seashore Railroad Company did with the land was wholly inconsequential.

The case being tried before the court, without a jury, the findings of the court were in the nature of a special verdict of a jury, and like verdicts of such character form a part of the record of the case decided.

The *postea,* signed by the court, embraces the court's findings in like manner as special verdicts embrace the findings of juries on questions submitted to them. It is therefore germane to the subject in hand to consider the recitation of the *postea* (history of the cause), which was before the trial judge in the instant case, and which in part is as follows: "And it further appearing from the evidence in said cause that the deed of conveyance from Camden and Atlantic Land Company to Camden and Atlantic Railroad Company as aforesaid, was a conveyance of the lands in question in fee; and it further appearing that the defendant Atlantic City and Shore Railroad Company was entitled to certain rights in and over the lands in question, by virtue of an agreement between it and the West Jersey and Seashore Railroad Company, the said court adjudged that the deed of conveyance from Camden and Atlantic Land Company to Camden and Atlantic Railroad Company aforesaid, was a conveyance in fee, and that defendant West Jersey and Seashore Railroad

Company held said lands in fee-simple, and did further adjudge that the said defendants West Jersey and Seashore Railroad Company and Atlantic City and Shore Railroad Company not guilty of the trespass and ejectment within laid to their charge in manner and form as the said plaintiff, Camden, Atlantic and Ventnor Land Company, hath thereof complained against them."

It is further to be noted that counsel for plaintiff in that case consented to a judgment being entered upon the *postea,* signed and filed in the case.

The legal effect of the *postea* as to what is recited will be again referred to when we come to consider the questions arising out of the present action, instituted against the defendants-respondents.

In 1925, the plaintiff instituted an action in ejectment in the Atlantic County Circuit Court against the respondents West Jersey and Seashore Railroad Company and Ventnor City to recover possession of the premises which had been the subject-matter of the previous action in ejectment, instituted by the plaintiff-appellant in the Supreme Court, and in which action there was a judgment in favor of the defendants West Jersey and Seashore Railroad Company and Atlantic City and Shore Railroad Company.

The action brought differs from the former only in this respect, that the party defendants are the West Jersey and Seashore Railroad Company, a defendant in the former action, and Ventnor City, a new party defendant—the substance of the complaint being that on the 8th day of April, 1925, the respondent West Jersey and Seashore Railroad Company conveyed to Ventnor City certain premises for other than railroad purposes, and which premises were part and parcel of the land conveyed by deed of the Camden and Atlantic Land Company to the Camden and Atlantic Railroad Company, which latter company was merged into the West Jersey and Seashore Railroad Company.

To the plaintiff-appellant's complaint, the defendants-respondents filed their answer, pleading the statutory plea of not guilty, and as a further answer in bar of the plaintiff-

appellant's action, that the matter in controversy was *res adjudicata*.

It is argued before us on behalf of the appellant that the second action is not barred by the judgment rendered in the former, since a new situation had arisen, when the respondent West Jersey and Seashore Railroad Company deeded the premises in controversy to Ventnor City; and the further contention is, that the *postea* was improperly admitted as evidence of what the issues were, and how decided in the former action, and even though it should be held that the recitations in the *postea* as to the court's findings were properly to be considered as part of the judgment record, nevertheless, the legal construction given by the trial judge to the deed of conveyance of the Camden Atlantic Land Company to the Camden Atlantic Railroad Company in holding that said deed was a deed in fee-simple absolute, was erroneous.

There is no legal force in the appellant's contention that a new legal situation arose by virtue of the subsequent conveyance made by the West Jersey and Seashore Railroad Company to Ventnor City, whereby it, the plaintiff-appellant, became entitled to maintain its action, for it appears that at the time when that conveyance was made, which was twelve years after the rendition of the judgment which had adjudicated, that respondent railroad company's deed, under which it claimed title to and right of possession of the premises in question, was a deed in fee-simple absolute, and no appeal having been taken by plaintiff-appellant, from said judgment, nor had it ever challenged the legal soundness of the court's conclusion, it cannot be heard now to complain. The plaintiff-appellant, standing as it did in privity with the Camden and Atlantic Land Company, as the latter's successor in title, its title to and right of possession of the premises was subject to the prior title to and right of possession of said premises by the respondent railroad company, whose title could only have been overcome and its right of possession defeated, if the court had decided that the respondent railroad company had a qualified or base fee in the premises, and had breached the clause of the defeasance contained in the deed.

The judgment in the former case cannot be successfully impugned upon any of the grounds advanced on behalf of the plaintiff-appellant. The judgment is *res adjudicata* between all parties to that action and their privies. We are not called upon, therefore, to pass upon the question discussed as to the soundness of the conclusion reached by the trial judge in either the former or present case as to the nature of the deed under which the respondent railroad company took title. The judgment of the court in the former trial was binding on the trial court in the present case, and is not open to review here for reasons already stated.

What has been said is not in conflict with what was held in *Hunt* v. *O'Neill*, 44 *N. J. L.* 564. The fourth headnote reads: "Section 44 of the Ejectment act, which gives conclusive effect to a judgment in ejectment, relates only to the right of possession and the title as they existed at the termination of the suit. A judgment in ejectment will not conclude the defeated party as to a title or right of possession subsequently accruing."

According to the record in the present case, nothing had occurred since the first trial, which in the slightest changed the legal aspect of the case.

It is further urged on behalf of the plaintiff-appellant that there was no competent proof of what the issues were at the first trial, and that the *postea* was not competent evidence of the issues then tried.

While it is true that a *postea* by itself is not competent evidence, it never has been held that it was not competent evidence of what it contains, where it is accompanied by the verdict and judgment. 2 *Tidd Pr.* 943 contains this statement: "The production of the *postea* alone is not sufficient, for it may happen the judgment is arrested or a new trial granted." And in the case at hand, if the *postea* were the only document produced, then, of course, it could not be received in evidence as to its contents.

This statement of Tidd's is clarified in *Pitton* v. *Walter*, 1 *Str.* 162, where Chief Justice Pratt said: "The bare pro-

ducing the *postea* is no evidence of the verdict, without showing a copy of the final judgment. Because it may happen the judgment was arrested, or a new trial granted. But it is good evidence that a trial was had between the parties, so as to introduce an account of what a witness swore at that trial who is since dead."

In *Fisher* v. *Kitchingman,* *Willes* 367, the court there said: "And the single question is whether the record of *nisi prius* with the *postea* endorsed was proper evidence of these facts (referring to the facts as stated in the *postea*), and the court said they were of the opinion no general rule was to be laid down in relation to that point, and held that the *postea* was proper evidence of the facts contained therein."

It may be well to add in conclusion that the state of facts agreed upon between counsel and submitted to the trial judge in the former case for his decision, which stipulation became a part of the record of that cause, and the facts agreed upon between counsel in the second trial, and submitted to the trial judge for his decision, disclose that the issues at the first trial were the same as those presented at the second trial, and even without the aid of the *postea,* both records present the issue, which were required to be passed upon by the trial judge in giving judgment.

It certainly must be within the knowledge of both bench and bar that often times in the trial of causes where the plea of *res adjudicata* has been interposed, the testimony taken at the former trial, and the charge of the court, have been admitted in evidence in order to ascertain whether or not the same issue or issues was or were presented at the former trial.

This would be especially so in actions in ejectment, where the statutory pleadings convey no further information as to what particular issues are involved, than that the plaintiff demands possession of certain premises, and the defendant pleads not guilty. While it is true a bill of particulars may be demanded, but that only requires the furnishing of the chain of title upon which the plaintiff relies. In this class of cases, unless the *postea* states the issue, resort must necessarily be had to the testimony or charge of the court in the

former trial, for the pleadings are nowise helpful in the matter.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ.  13.

*For reversal*—None.