JAMES J. SULLIVAN, PLAINTIFF, v. AETNA CASUALTY AND SURETY COMPANY, DEFENDANT.

Decided February 4, 1935.

For the motion, *Gross & Gross.*

*Contra, Collins & Corbin.*

OLIPHANT, S. C. C. This is a motion to strike out the defenses in the answer filed by the defendant. The facts are that the plaintiff in this matter recovered a judgment in the Supreme Court on April 11th, 1934, against one Ray Nelson Glass in the sum of $20,000. Glass was insured by the defendant in this action (to the extent of $10,000 for personal injuries and $5,000 for property damage) and that insurance was in full force and effect at the time of the accident. The contract of insurance between Glass and the defendant provided that the defendant would pay all judgments rendered against Glass for personal injuries to the extent of $5,000 for one person and $10,000 for two or more persons, and $5,000 for property damage. The company paid the full amount of the coverage for personal injuries. The dispute arises under the claim for property damage. In the accident suit, the complaint was in two counts, the *ad damnum*

clause in the first count for personal injuries being in the sum of $50,000 and on the second count for property damage in the sum of $2,000. The jury in that suit rendered a general verdict in the sum of $20,000. In that suit at the trial the plaintiff contended that his car was worth $750 before the accident and had no value thereafter and in answers to questions in a bill of particulars, it was said that the automobile had been repaired at a cost of $350.

The complaint in the instant suit asks for the sum of $2,000, the full amount of the *ad damnum* clause in the property damage count in the accident suit. It is brought under the statute against the insurance carrier. *Pamph. L.* 1924, *ch.* 153; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1589, § 99-90e.

There can be no question but what the general verdict returned in the accident suit was a proper one (*Melosh* v. *Public Service Railway Co.*, 4 *N. J. Mis. R.* 361; 132 *Atl. Rep.* 666) and I am fully aware of the rule that the record of the case, kept as a memorial in the Supreme Court clerk's office consists of the pleadings, *postea* and judgment. Notwithstanding the apparent legal rule that that verdict cannot be attacked in the instant suit, if the defendant, the insurance carrier, is deprived of its defense that the damage to the car did not amount to the sum claimed, if the defense sought cannot be interposed, a great injustice will be done, an injustice which should shock any court of justice. Such a situation is repugnant and inconsistent with the rudimentary demands of justice and fair play. The defendant under its policy of insurance only contracted to pay the actual property damage. It was not a party to the original suit. It cannot attack the verdict as such, but the defense is not an attack on that verdict; it does not say the defendant is not liable under that verdict, it simply seeks to establish the actual damages suffered by the plaintiff and it should be allowed to do so, as that damage is not determinable unless it can proceed with its defense. As said by Mr. Justice Lloyd in his dissenting opinion in *Stefus* v. *London and Lancashire Indemnity Co.*, 111 *N. J. L.* 6; 166 *Atl. Rep.* 339: "To hold otherwise is to declare that it is bound by litigation

between other parties as to which it neither was nor could be made a party. It has not had its day in court and has lost the protection of the due process clause of the federal constitution. * * * Our cases hold that when a party to a litigation appeals to this court he must accept the record as it is here presented. That rule, of course, prevails and is sound. We could not adjudicate upon any other basis, but it is applicable only as between parties to the litigation." Mr. Justice Kalisch, in *Camden, Atlantic and Ventnor Land Co.* v. *Ventnor City*, 106 *N. J. L.* 125; 147 *Atl. Rep.* 405, said "the testimony taken at the former trial and the charge of the court have been admitted in evidence in order to ascertain whether or not the same issue or issues was or were presented at the former trial, and that in some cases resort must necessarily be had to the testimony or charge of the court in the former trial."

For the foregoing reasons the motion to strike the answer will be denied and the matter may proceed only as to the actual property damage suffered by the plaintiff.