This matter comes before me on a motion for a writ of assistance.
The defendant resists the issuance of the writ on several grounds. First, it is said that the trustees are assignees of the decree and are not entitled to the writ because they are strangers to the record. The rule is that, a writ will issue in favor of the assignee of the bid unless it appears that the granting of the same will do injustice to the party in question.5 C.J. 1318; Ekings v. Murray, 29 N.J. Eq. 388. A court of equity will carry its own decree into full execution without relying on any other tribunal if it can justly do so. Beatty v.DeForrest (Court of Errors and Appeals), 27 N.J. Eq. 482;Strong v. Smith (Court of Errors and Appeals), 68 N.J. Eq. 686; affirmed, 203 U.S. 584. In the present case the trustees stand in the place of the complainant which was acting for them in the conduct of the case. They could have asked to be made parties in the original proceeding. The complainant held the decree partly for the benefit of the said trustees. A denial of the writ would result in a circuity of action and the trustees would be compelled to sue at law in order to secure relief. The parties are now before this court in a summary proceeding for the enforcement of the decree. *Page 181 
The only question to be determined is whether the applicant is entitled to the use of the writ to obtain possession as against the parties now in possession. The issuance of the writ would not finally determine defendant's rights but would adjudge the right of possession as a result of the suit. It would not operate as a bar against an action of ejectment or a suit in equity to establish an equitable title. 5 C.J. 1325; Strong v. Smith,supra.
The defendant is bound by the decree and he cannot in this proceeding resist the application for the writ on the ground that the decree was not according to the facts. 5 C.J. 1322.
The other objections raised are without merit.
I will, therefore, allow the writ. *Page 182