29 N.J. Super. 456 (1954)
102 A.2d 791
JOHN A. NYSTROM AND HARRIET NYSTROM, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
JANE PENNYCOOK AND JAMES PENNYCOOK, HER HUSBAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1954.
Decided February 11, 1954.
*458 Before Judges JAYNE, FRANCIS and CLAPP.
Mr. Archibald Kreiger argued the cause for plaintiffs-respondents (Mr. Carl Gelman, attorney).
Mr. Joseph J. DeLuccia argued the cause for defendants-appellants (Mr. Joseph V. Fumagalli, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendants appeal from a mandatory injunctive order issued on motion after plaintiffs had secured judgment in an action for possession of land.
*459 The action was in the Superior Court, Law Division. As appears by the complaint and pretrial order, plaintiffs sued not only for possession of a six-inch strip of land upon which defendants had built a retaining wall, but also for the removal of the wall. Defendants in the answer and pretrial order claimed an estoppel, asserting that plaintiffs had stood by, without taking action, while the wall was being built upon that strip, and indeed, that plaintiffs had acquiesced therein.
Testimony upon the estoppel was put in at the trial, but the court refused to submit the matter to the jury, holding in its charge that the circumstances adduced "do not spell estoppel." To this ruling, defendants objected before the jury retired. The verdict was for the plaintiffs on the single question left to the jury, namely, as to the right to possession. In the judgment entered thereon, nothing was said upon the matter of estoppel, nor upon the demand to have the wall removed, the latter matter not having been raised except in the complaint and pretrial order. No appeal was taken from the judgment.
Three months after judgment, plaintiffs secured a writ of possession, and a month later, on motion entitled in the action for possession, obtained the mandatory injunctive order, appealed from, by which defendants were required to remove the wall. Hirschberg v. Flusser, 87 N.J. Eq. 588 (Ch. 1917).
Defendants urge that "an action for possession of land and an action for a mandatory injunction to restrain a continuing trespass are two distinct causes of action." For this and other reasons, they say  and this is the matter we are to deal with principally here  the mandatory injunction may not issue on motion after judgment as though it were an incident thereof.
Defendants break up the circumstances here into two matters, first, their wrongful entry on the property, upon which is predicated the action for possession, and, second, their erection of the wall, upon which is predicated the claim to the mandatory injunction. We need not here *460 determine whether these two matters gave rise to but a single cause of action, the second matter (the erection of the wall) being simply the manner by which the wrongful entry was effected; and whether, if an attempt had been made to split that cause of action and sue separately upon the first matter, a judgment thereon would preclude an independent action on the second matter. Hahl v. Sugo, 169 N.Y. 109, 62 N.E. 135, 61 L.R.A. 226 (Ct. App. 1901); Slater v. Shell Oil Co., 58 Cal. App.2d 864, 137 P.2d 713 (D. Ct. App. 1943); McCaffrey v. Wiley, 103 Cal. App.2d 621, 230 P.2d 152 (D. Ct. App. 1951); cf. R.R. 4:79-7; cf. in general, Restatement of Judgments, §§ 62, 66.
Our concern merely is whether the mandatory injunction may issue on motion after the judgment for possession. The Superior Court has an ample authority, through the grant of auxiliary relief, to carry its judgments into full execution, even though like relief could be had in a separate action. By such means as these the law obviates the delays and expense of such an action. Beatty v. De Forest, 27 N.J. Eq. 482 (E. & A. 1875). So, under the general powers of the former Court of Chancery and under R.S. 2:29-63, that court, on motion in the cause, subsequent to the decree, could issue its injunction and grant other relief in the enforcement of its decree. Schenck v. Conover, 13 N.J. Eq. 220 (Ch. 1860); King v. Wilson, 54 N.J. Eq. 247 (Ch. 1896). The statute added nothing to the authority of the Superior Court, and the failure of the Legislature to carry it over into Title 2A of the Revised Statutes, upon the repeal of Title 2 (L. 1951, c. 344), does not affect the matter.
In the effectuation of these principles and with a view to the practicalities of the matter, the law in this State does not (as defendants argue) require the claim to auxiliary relief to have been disposed of at the trial or final hearing, even though this might have been done under the circumstances. But cf. Hahl v. Sugo, supra, as to the law of New York concerning a motion for such relief.
*461 Under our integrated system, law as well as equity delights to do justice and not by halves. The limits of this auxiliary authority, or, rather, practice, seem not to have been marked off. Nor need we do so here. But where, as here, the auxiliary relief is but incidental to and a parcel of the relief already given, there can be no question on the matter; the injunction here requires a removal of the very wall whose encroachment led to the action and judgment for possession
To be sure, as defendants say, a mandatory injunctive order does not issue as of course. However, the only question before us on the merits of the controversy is whether the very matter of estoppel that had been decided at the trial, can be relitigated on the motion.
Defendants apparently are of the notion that this matter is not res judicata because it is not mentioned in the judgment. But that is a misconception. On a defense of res judicata, the law commonly looks to the testimony or charge to ascertain what determinations underlie the judgment. Camden, Atlantic, etc., Co. v. Ventnor City, 106 N.J.L. 125 (E. & A. 1929); Locher v. Locher, 112 N.J. Eq. 25 (Ch. 1932); Clark Thread Co. v. William Clark Co., 55 N.J. Eq. 658, 663 (Ch. 1897), reversed, though apparently approved in this respect, 56 N.J. Eq. 789 (E. & A. 1898); cf. D.L. & W.R.R. Co. v. Breckenridge, 57 N.J. Eq. 154 (Ch. 1898), affirmed 58 N.J. Eq. 581 (E. & A. 1899). And this is so as to a judgment signed by a judge as well as to one signed by a clerk.
The matter of estoppel raised here, may properly, under certain circumstances, be interposed, and in fact was interposed, as a defense to the claim for possession. Cf. Sumner v. Seaton, 47 N.J. Eq. 103 (Ch. 1890). That matter having been actually litigated and determined on its merits, the determination is conclusive, whether or not (this is the question above mooted) the claim for possession and that for a mandatory injunction to remove the wall be deemed two causes of action. If they be two separable causes of action, they both arose here out of the same subject *462 matter; and the issue of estoppel, presenting doubtless a mixed question of law and fact, having once been litigated and determined, should, in justice and by force of the policy of peace underlying the doctrine of res judicata, be laid at rest. Miller v. Stieglitz, 113 N.J.L. 40 (E. & A. 1934); Phillips v. Phillips, 119 N.J. Eq. 497 (E. & A. 1936); Restatement of Judgments, §§ 1, 68, 70; Scott, Collateral Estoppel by Judgment, 56 Harvard L. Rev. 1, 9 (1942).
Affirmed.