GUSTAVE NYLANDER, PLAINTIFF-RESPONDENT, AND MAR-
GARET NYLANDER, HIS WIFE, PLAINTIFF, v. ROBERT
H. ROGERS, DEFENDANT-APPELLANT.

Argued November 18, 1963—Decided December 16, 1963.

*Mr. Robert W. Criscuolo* argued the cause for defendant-appellant (*Messrs. Parker, McCay & Criscuolo,* attorneys; *Mr. Criscuolo,* of counsel).

*Mr. Victor H. Miles* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

HALL, J. This suit involves three claims arising out of personal injuries to two plaintiffs, who are husband and wife. They were, very properly, asserted separately in three counts of a single complaint. *R. R.* 4:33–1(a), 4:31–1 and 4:10–2. The first two dealt with the respective personal injuries; the third concerned the husband's claim for consequential damages specified as the medical expenses of his wife and loss of

consortium. This third claim is clearly an independent one. *Higgins v. Schneider*, 61 *N. J. Super*. 36, 43 (*App. Div.* 1960), affirmed o. b. 33 *N. J.* 299 (1960). Defendant admitted liability and the amount of damages was the only issue at the seven-day trial. The injuries were serious, the wife's extremely so.

The Appellate Division decided on the defendant's appeal that the trial judge did not err in refusing to instruct the jury to return separate verdicts on the husband's claims. 78 *N. J. Super*. 566 (1963). Certification was granted. 40 *N. J.* 500 (1963). We consider the conclusion correct under the facts, but feel the reason should be spelled out differently to some extent.

 The defendant held liability insurance coverage to the extent of $100,000 for injuries suffered by each person. He was represented at the trial by counsel retained by his carrier. Whether he is financially responsible for any recovery in excess of the policy limits does not appear. The insurer was of the opinion that the husband's consequential claim was legally includible, under proper construction of the contract, in the $100,000 limit of its liability for the wife's injuries. We assume this position to be at least not frivolous, although the policy and the question are not before us. The insurer obviously also appreciated before trial that the recovery for the wife's injuries if added to that on the consequential claim might exceed the limit. It must be further held to have known that its position on the interpretation of the contract could not be determined in this action and could not be protected for possible assertion later unless there were separate verdicts on the count for the husband's personal injuries and on the count for his consequential claim. It had been specifically held in an analogous situation that a general verdict lumping such claims cannot be dissected for this purpose and would forever destroy the possibility. *Smith v. Phoenix Indemnity Co.*, 119 *N. J. L.* 522 (*E. & A.* 1938). See also *Nuzzi v. United States Casualty Co.*, 121 *N. J. L.* 249 (*E. & A.* 1938); *Gugliotta v. Great American Indemnity*

*Co.,* 124 *N. J. L.* 116 (*E. & A.* 1939); but *cf. Sullivan v. Aetna Casualty & Surety Co.,* 14 *N. J. Misc.* 890, 190 *A.* 72 (*Sup. Ct.* 1935), s. c. 115 *N. J. L.* 253 (*E. & A.* 1935) and *Terminal Construction Corp. v. Bergen County, etc., District Authority,* 18 *N. J.* 294, 338 (1955), commented upon in Schnitzer, "Civil Practice and Procedure," 10 *Rutgers L. Rev.* 351, 366–367 (1956).

The insurer therefore requested separate verdicts, which *Smith* had said was the only proper thing to do. 119 *N. J. L.,* at *p.* 525. However, counsel did not give this reason to the trial judge, saying only that "such a verdict would be helpful to certain aspects of the defendant's position." While the court knew of the policy limits, he was not advised of the insurer's legal view or difficulty until defendant's motion for a new trial on the husband's claims on this ground.

▮ The trial judge seems to have denied the request at the time it was made on the basis that separate verdicts on separate claims of one claimant are legally improper, absent consent of all counsel. This is clearly an erroneous view. More than a century ago, even under ancient practice, where a single plaintiff asserted distinct causes of action against a single defendant, it was held to be entirely proper to direct the jury to find the issues and assess the damages for each separately. *Ward v. Ward,* 22 *N. J. L.* 699 (*E. & A.* 1850). Perhaps the judge had in mind those pre-1948 cases where a single plaintiff had a single cause of action but divided the various items of damage into separate counts and the court said, we think too broadly, that a single verdict was the only proper one. *E. g., Melosh v. Public Service Railway Co.,* 4 *N. J. Misc.* 361, 362, 132 *A.* 666 (*Sup. Ct.* 1926). *Cf. Dewar v. Ruehle,* 137 *N. J. L.* 304 (*Sup. Ct.* 1948).

▮ While our rules are silent on the subject, there can be no doubt of the power of a trial judge, on his own motion or the request of a party, to direct a jury to assess and report damages separately on a plaintiff's separate claims or even, in special situations, on items of a single claim. The power should be freely and liberally exercised whenever the court

feels or counsel indicates the desirability of its use. While discretionary in the sense that failure to direct separate verdicts would rarely if ever constitute error absent a reasoned request by at least one counsel,[1] the power should be applied almost as a matter of course where the claims are independent, as here, and in other situations where some realistic benefit is pointed out. In cases like this one when it is shown that future collateral questions may be affected, the grant should be well nigh automatic. Any confusing burden on the jury can be avoided by delivering to it a list of the separate verdicts to be returned. *R. R.* 4:52–2.

The reason for the use of the power is identical with that which so strongly recommends the special verdict procedure, *R. R.* 4:50–1, *i. e.,* the ascertainment and isolation of any error, consequent frequent avoidance of full-blown appeals and full-scale retrials, and the more exact administration of justice. *Cf. Terminal Construction Corp. v. Bergen County, etc., District Authority, supra* (18 *N. J.*, at *p.* 319) ; *Board of Education, Asbury Park v. Hoek,* 66 *N. J. Super.* 231, 236–37 (*App. Div.* 1961), reversed in part on other grounds 38 *N. J.* 213 (1962) ; *Marchese v. Monaco,* 52 *N. J. Super.* 474, 485–86 (*App. Div.* 1958), certif. denied 28 *N. J.* 565 (1959) ; 5 *Moore, Federal Practice,* 2212–2218 (2d *ed.* 1951) ; Sunderland, "Verdicts, General and Special," 29 *Yale L. J.* 253 (1920). The use of separate damage verdicts particularly permits accurate consideration of adequacy or excessiveness as well as the matter of substantive propriety in appropriate instances. Incidentally, *separate* verdicts are not identical with a *special* verdict, as the Appellate Division seems to indicate. The latter is much broader and more comprehensive, requiring a written finding upon each issue of fact

---

[1] The situation is to be distinguished from that when two or more plaintiffs have separate but related causes of action against a defendant arising out of the same transaction. There it is reversible error not to require the jury to return separate verdicts for each plaintiff. *Lipari v. National Grocery Co.,* 120 *N. J. L.* 97, 99 (*Sup. Ct.* 1938) ; *Spencer v. Haines,* 73 *N. J. L.* 325 (*Sup. Ct.* 1906), s. c. 74 *N. J. L.* 13 (*Sup. Ct.* 1906).

in the case from which the judge forms and enters the resultant judgment. Separate verdicts are perhaps more akin, though still less complex, to the procedure for a general verdict accompanied by answers to interrogatories upon one or more issues of fact. *R. R.* 4:50–2.

Comment may also be made on the Appellate Division's suggestion that defendant's request was procedurally defective because not formal enough and objection to the refusal was not placed upon the record. We think the form of request, apart from the failure to articulate a reason, was sufficient and that it would be an unnecessary technicality to require a formal objection to be noted after the request was denied. Such a request is an essentially simple matter and demands no special form. It is not the kind of thing that must be included in written requests to charge pursuant to *R. R.* 4:52–1. An oral request made upon the record sometime before the charge, at side bar if that is deemed advisable, is enough.

The decisive question remains whether a new trial of the husband's claims should now be directed because the trial judge appears to have considered defendant's request under a misapprehension of his power. (When the *Smith* case was called to his attention on the new trial motion, the judge did say that if he had known of it, he "may have, regardless of the lack of consent * * * gone ahead and instructed the jury to return the three separate verdicts.") The answer must be in the negative. Strongly coming into play is the rule that error shall not constitute ground for granting a new trial "* * * unless a denial of the relief sought appears to the court to be inconsistent with substantial justice." *R. R.* 1:5–3(b) and 4:63–1. This salutary concept calls for an examination of the entire situation with the benefit of hindsight. There must be placed upon the scales the fact that relief to the defendant would require the husband to undergo another long, arduous and expensive trial. There is no complaint of any other error, so we must assume a case properly tried and fairly determined. It is not suggested that the

husband's general verdict, or for that matter the wife's, is excessive. His own injuries were substantial and we understand there is permanent disability. More important, there is no sufficient showing that the total of separate verdicts on the wife's claim and the husband's claim for consequential damages would likely have exceeded $100,000. The wife's verdict was $82,700, leaving a policy leeway of $17,300. Her past medical bills were stipulated at $11,523.14. Prospective expenses of that character, if the jury found further operative procedures were appropriate and likely to be undertaken, were also stipulated to cost $4,000 or more. There is no way to tell how much, if anything, the jury allowed for the nebulous item of loss of consortium. The husband's verdict was $40,603.19. It cannot be said, which defendant concedes, that the jury could not properly and did not allow him for his own injuries at least the difference between the policy leeway and the amount of his total verdict. So at this late stage in the game, the defendant cannot demonstrate he was probably harmed by the trial court's action. When the other crucial fact of failure to spell out to the trial judge the reason for the separate verdict request is also considered, the mere possibility that the insurer will pay more than its contract requires is not enough to overcome the inequity of compelling the husband to undergo another trial.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.