BUTLER ET AL. v. ROCKWELL ET AL.

1. CONSTITUTIONALITY OF SUPREME COURT COMMISSION.—The constitutionality of the late supreme court commission will not be considered in a private controversy which was not referred to the commission for examination, and where the cause, in which the judgment sought to be impeached was rendered, has according to the records of the supreme court and in conformity with its procedure passed to the jurisdiction of the trial court; such judgment being only indirectly drawn in question through suit upon the appeal bond given in connection with the former review thereof.

2. WAIVER OF CONSTITUTIONAL RIGHTS.—In civil actions privileges which rise to the dignity of constitutional or statutory rights may be waived. And where they relate to procedure in the court, such as oral arguments, their exercise is subject to reasonable regulation.

3. RULE CONCERNING ORAL ARGUMENTS IN SUPREME COURT.—By a rule of the supreme court a party who interposes a timely written request before the court for an oral argument upon the final hearing is entitled thereto. But if neither party interpose such request until after the cause is finally determined, he will be held to have waived his right thereto. And such waiver applies also in cases sent to the supreme court commission for preliminary consideration and report.

4. CONTRACT OBLIGATION MERGED IN JUDGMENT.—A judgment supersedes the original contract or cause of action, and constitutes a new and liquidated debt. This debt and the liability for interest thereon as provided by statute at the date of the judgment are

obligations binding upon the debtor until the judgment is reversed or satisfied. It is not in the power of the legislature to alter the rate of interest to which a creditor is entitled upon his pre-existing judgment.

*Appeal from District Court of Arapahoe County.*

Mr. HUGH BUTLER, for appellants.

Mr. L. C. ROCKWELL, for appellees.

MR. JUSTICE HELM delivered the opinion of the court.

On the 29th of December, 1887, judgment was rendered. in the district court of Lake county in favor of Rockwell *et al.*, and against Butler and Wright for the sum of $9.008.33. Butler and his codefendant thereupon prosecuted an appeal to this court executing an appeal bond with Sullivan and Thatcher as sureties. Upon review a judgment of affirmance was here entered (*Butler et al. v. Rockwell et al.*, 14 Colo. 125), and the cause was remanded to the court below. The present suit was then begun on the appeal bond thus executed. Service being obtained upon Butler, one of the principals, and also upon the two sureties, the cause was tried and judgment was duly rendered in favor of plaintiffs for the amount of the judgment in the original cause, plus interest thereon. To review the latter judgment, the present appeal was taken.

The sole defense relied on in the court below was that there had been no affirmance by this court of the judgment to secure a review of which the appeal bond in question was given, and therefore that no right of action upon the bond had accrued. This defense was predicated upon the contention that the supreme court commission was an unconstitutional body and that opinions prepared and reported by it and adopted by the court were nullities. The answer also alleged that the original cause was pending in the supreme court of the United States upon writ of error to this court.

...But the latter feature of the controversy was eliminated by the undisputed averment in the replication that since that answer was filed said writ of error had been dismissed for want of jurisdiction. See *Butler v. Gage*, 138 U. S. 52.

Doubts were entertained by many members of the bar concerning the constitutionality of the law providing for the late supreme court commission. But since that law has been repealed and the commission no longer exists, no general or public interest would be subserved by a decision of the question now pressed upon our attention. Besides, for reasons that will be presently stated, such a determination in connection with the case before us would, to say the least, be of doubtful propriety. We suggest in passing, however, that counsel are mistaken when they suppose that this court abdicated its judicial functions in any of the cases that were referred to the commission for preliminary investigation. No report from that body was ever accepted and promulgated, *pro forma* as the opinion of the court. On the contrary, each and every report received thorough re-examination, aided by the printed arguments and abstracts filed in the cause, oral hearings also being frequently allowed. So that, as a matter of fact, the report as finally adopted expressed the judicial views of this tribunal.

In the case of *De Votie v. McGerr*, 14 Colo. 577, we unanimously declined to investigate the constitutionality of the commission statute. Counsel in that case urged this challenge in the petition for a rehearing where the judgment complained of followed a reference to the commission and accorded with views reported by that body. The present contention that in the original cause of *Butler v. Rockwell, supra*, appellants did not have their day in court obviously, involves a more remotely collateral attack upon the commission law than did the application in the DeVotie case. This is a private controversy to which the honorable commissioners were not and probably could not have been made parties; it has not been and of course cannot be referred to the commission for examination; the judgment impeached is not di-

rectly before us, and the cause in which it was rendered has according to our records and in conformity with our procedure passed to the jurisdiction of the lower tribunal. We now discover no satisfactory reason for changing the view announced in the DeVotie case, and the grounds that were then deemed sufficient apply to the present challenge with even greater force.

But there is another cogent reason for declining to entertain the foregoing inquiry. Appellants' constitutional objection is predicated mainly upon the fact that while in *Butler v. Rockwell, supra,* an oral argument was had before the commission, this court did not have the benefit of such an argument. · For this reason it is earnestly claimed that appellants in that case were deprived of an inalienable right and the decision was rendered without a proper judicial hearing.

· Under a printed rule of many years standing and uniform recognition, this court has always granted oral arguments on final hearings when timely requests therefor were by either party interposed in the manner specified. It is therefore wholly unnecessary to consider whether an oral argument here is a constitutional right, or whether the statute providing therefor is within the constitutional power of the legislature. For the rule mentioned has always been regarded as law and will continue to be so regarded until abrogated.

It will hardly be disputed, however, that in civil actions privileges such as the one under consideration even where they rise to the dignity of constitutional or statutory rights, may be waived. Nor can it be successfully denied that the exercise of such rights is subject to reasonable regulation by this court. The rule above mentioned provides that any party desiring an oral argument shall file with the clerk a written declaration of such desire before the cause is reached, so that it may be set for hearing and timely notice be given. During the pendency here of the original cause of *Butler v. Rockwell,* no application in accordance with the rule was made for an oral argument before the court. The files were

transferred to the commission and the cause was submitted by both parties without objection to the consideration of that body. After the announcement of one of the reports presented, as the opinion of the court, Butler filed his petition for a rehearing. Upon this application no oral argument on the merits before the court was asked, though such arguments were frequently granted at that stage of the proceedings. Nor was the objection specified in the petition or in any way urged in connection therewith, that the cause had been decided without such an argument. The rehearing was denied, and a *remittitur* had been issued and placed in · the hands of opposing counsel, though not filed in the court below, before this objection was interposed or application for the oral hearing made. Thus it appears that from the time the court obtained jurisdiction of the cause until its final determination, no demand or request was brought to our notice for an oral argument before us, nor was the absence of such an argument in any way made a ground of complaint.

Under the foregoing circumstances, this particular challenge comes too late. Jurisdiction over the subject-matter is not involved. The original right to an oral argument by virtue of the rule of the court, or by virtue of the statute or constitution if this right was thus sanctioned, will now be treated as waived.

The judgment in the case at bar must be affirmed so far as the objections raised by appellants are concerned. But appellees insist, through the assignment of a cross-error, that the allowance of interest by the lower court was erroneous. At the time of the rendition of the former judgment, the statutory interest upon judgments was 10 per cent per annum; but subsequent thereto and prior to the present suit upon the appeal bond, the legislature adopted an act reducing the rate of interest to 8 per cent per annum.. The district court in entering judgment upon the appeal bond computed interest on the original judgment at the rate of 10 per cent until the new law took effect, and after that time at the rate of 8 per cent.

In this respect the court undoubtedly committed error. The language of the existing law (sec. 1707, Gen. Stats.) was: " Creditors shall be allowed to receive interest, * * * at the rate of ten per cent per annum, * * * on any judgment recovered * * * from the day of entering up said judgment until satisfaction of said judgment be made." Judgments are sometimes expressly declared to be contracts. *Cox v. Marlatt*, 36 N. J. Law, 389; *Johnson v. Butler*, 2 Iowa, 535, and authorities cited. It is unquestionably true that a judgment partakes of the nature of a contract sufficiently to supersede the original contract or cause of action both as to principal and interest. The original contract or cause of action becomes merged, and the judgment constitutes a new and liquidated debt. This debt and the liabilities for interest thereon as provided by statute at the date of the judgment, are obligations binding upon the debtor till the judgment is reversed or satisfied. Freeman on Judgments, secs. 217, 441; *Cox v. Marlott, supra; Prouty v. L. S. & M. S. Ry. Co.*, 26 Hun 546.

Undoubtedly, interest upon the judgment rendered in the present suit on the appeal bond accrues at the rate of 8 per cent per annum as provided by the new law. But according to the authorities above cited, the legislature could not thus alter the rate of interest to which the creditor was entitled upon his pre-existing judgment.

For the foregoing error, the judgment of the district court will be reversed. But the cause will be remanded with directions to enter a new judgment, *nunc pro tunc*, as of the date of the former judgment with interest computed in accordance with the foregoing view.

*Reversed.*