CHARLES W. SMITH, PLAINTIFF-APPELLEE, v. PHOENIX INDEMNITY COMPANY, A NEW YORK CORPORATION, DEFENDANT-APPELLANT.

Argued October 20, 1937—Decided January 26, 1938.

For the plaintiff-appellee, *Charles Schmidt* and *James A. Major*.

For the defendant-appellant, *Edwards, Smith & Dawson* (*Raymond Dawson*).

The opinion of the court was delivered by

WOLFSKEIL, J.   Plaintiff in a prior action obtained a verdict and judgment against an assured of the defendant and subsequently brought this action under the provisions of *Pamph. L.* 1924, *ch.* 153, *p.* 352, to recover the amount thereof from the defendant on the policy of insurance which it had issued to the assured.   The Supreme Court entered judgment upon stipulated facts against the defendant and in favor of the plaintiff for the full amount of the original judgment, together with interest and costs, and defendant appeals.

From the facts as stipulated it appears that plaintiff, Charles W. Smith, and his wife, Grace Lee Smith, sustained injuries as the result of an automobile accident on October 17th, 1931, caused by the negligence of one Jean Storms, defendant's assured.   In the suit instituted by the Smiths the wife claimed damages for her personal injuries and the husband sued for his own injuries, damages to his automobile and damages sustained in consequence of his wife's injuries.   The trial of that suit resulted in a general verdict of $12,000 in favor of the wife and a general verdict of $8,000 in favor of the husband.   The defendant obtained a rule to show cause with respect to both amounts which was discharged and no appeal taken.   Thereafter $10,000 was paid to Grace Lee Smith by defendant and a warrant for satisfaction *pro tanto* was given.

Defendant, admitting the validity of its policy and the insolvency of its assured, denied that the entire judgment recovered by the plaintiff against its assured is covered by the policy, alleging that the judgment in part awards to the plaintiff compensation for items not contracted for by the defendant.

The pertinent provisions in the policy are as follows:

"Agreement 1.

To pay within the limits specified in Statement 3 the loss from the liability imposed by law upon the assured for damages (including consequential damages) on account of bodily injuries, including death resulting at any time therefrom, suffered or alleged to have been suffered by any person or persons as a result of such accidents."

And

"Statement 3.

The company's liability shall be limited: Under Agreement 1 to $10,000 for all claims arising out of bodily injuries to, or the death of, one person from any one accident, and, subject to that limit for each person, the Company's total liability for all claims arising out of bodily injury to, or the death of, more than one person from any one accident, is limited to $20,000.00."

Accordingly defendant takes the position that when it paid the wife $10,000 for her judgment it discharged its entire liability for all claims, including consequential damages which, in its own words, it is urged, means "doctors' bills, nurses' bills, hospital bills, loss of consortium and other expenses arising out of or flowing from the injuries to Grace Lee Smith, the one person injured." In short, its claim is that it was liable, if at all, to the plaintiff upon his having proved the amount of his personal injuries and the amount of damages to his automobile, and having failed to do so, defendant was entitled to a verdict.

However, there are several infirmities in that contention. First, conceding that an insurance company has the right to contest the amount claimed as not being due from it (*Sullivan* v. *Aetna Casualty and Surety Co.*, 14 *N. J. Mis. R.* 890; affirmed, 115 *N. J. L.* 253; 179 *Atl. Rep.* 32), the fact remains that the present defendant under its policy had entire control over and conduct of the defense. It was then incumbent upon it to request specific findings by the jury which would have segregated the items making up the verdict. This it did not do, excusing itself on the ground that such action might inform the jury that there was insurance. But this was for its own benefit and when it is considered that the assured could not defend without violating the contract and that any effort on his part to segregate would not have been with the approval of the insurer, the defendant waived that right and is estopped from now asserting it. Second, in the pleadings and proofs in the primary suit plaintiff claimed damages for personal as well as other injuries. No one knows, or can know, whether the judgment he recovered was not based upon that ground alone or at least how much the jury assessed on that count. There is no lawful method which would have permitted the trial court to dissect the verdict, much less to disregard the judgment of the plaintiff in its entirety. While it is true that a verdict in a civil case which is defective or erroneous in a mere matter of form not affecting the merits or rights of the parties may be amended by the court to conform it to the issue and give effect to what the jury unmistakably find, the judge cannot under the guise of amending the verdict invade the province of the jurors or substitute his verdict for theirs. 27 *R. C. L.* 887, 888.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 8.

*For reversal*—LLOYD, CASE, DONGES, JJ. 3.