MARY GUGLIOTTA AND FRANK GUGLIOTTA, PLAINTIFFS-RESPONDENTS, v. GREAT AMERICAN INDEMNITY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiffs-respondents, *Horace B. Brown.*

For the defendant-appellant, *Ralph N. Kellam.*

The opinion of the court was delivered by

HAGUE, J. This is the defendant's appeal from a judgment entered in the New Jersey Supreme Court (Camden county), in the amount of $3,068.15 damages and costs. The court struck out defendant's answer as insufficient in law.

The plaintiffs held judgments representing their damages for personal injuries arising out of an automobile accident. The present suit is to collect said judgments from the insurer of the *tort feasor.*

Defendant's answer admits its liability but interposes a defense directed at the amount of one judgment. It is that the judgment should be decreased by $985. The argument is that testimony was offered tending to show that this amount had been incurred for medical and dental expenses to or in behalf of Mary Gugliotta, the wife plaintiff; that the amount of such expenses was not questioned and that the verdict of $3,000 to the husband plaintiff necessarily had included in it this sum; therefore appellant concludes it is now entitled to deduct this sum from the verdict and judgment for the husband. It is said that the item in question for medical services, &c., was not, under the contract of insurance, recoverable by the husband but were proper items to be included in the wife's claim personally. Assuming that the policy did not comprehend this item of damage as recoverable by the husband it is impossible, as the learned trial court held, to say how much of this expense claimed by the husband was included in the round-figure amount of the verdict allowed

the husband by the jury. Perhaps part or none of it was included. It is clear that the amount allowed cannot be dissected and allocated on the pleadings and trial, in a subsequent suit to recover the amount of such judgment, and the court struck out the answer, whereupon plaintiffs had judgment. We find no error in that judicial action. The issue is controlled by *Smith* v. *Phoenix Indemnity Co.*, 119 *N. J. L.* 522; 197 *Atl. Rep.* 15.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.