[No. 38127.    Department One.    February 2, 1967.]

GENERAL INSURANCE COMPANY OF AMERICA, *Respondent*, v. ROCKY MOUNTAIN FIRE AND CASUALTY COMPANY, *Appellant.**

*Regal & McDonell*, by *John Patrick Cook*, for appellant.

*Charles E. Peery* and *Bruce Maines*, for respondent.

BARNETT, J.†—This appeal is from a declaratory judgment construing provisions of two insurance policies as to their coverage of Robert Shay d/b/a AAA Fire Extin-

*Reported in 423 P.2d 537.

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

guisher Company (hereinafter referred to as Robert Shay). Judgment was entered against the appellant Rocky Mountain Fire and Casualty Company (Rocky Mountain).

This suit derives from a fire aboard a fishing boat, the *MV Cape Spencer*, on November 7, 1962. Prior to that date Robert Shay had contracted to remove, service and reinstall the fire extinguishing system on the *MV Cape Spencer*. In another lawsuit, the owner of the vessel has alleged that Robert Shay is liable to it because the negligence and breach of warranty of Robert Shay in doing the contract work proximately caused the damage resulting from the fire on November 7, 1962. At all times material to this declaratory action Robert Shay was the named insured on policies carried by Rocky Mountain and General Insurance Company of America (General). By the terms of each of the said policies, Robert Shay was insured for property damage liability to a maximum amount of $50,000. Both policies have what are known as "other insurance" clauses which are intended to limit the carrier's liability when there is other insurance available to the covered party. These "other insurance" clauses are not identical in their language or in their literal meaning. However, the policies present an apparent conflict as to the nature of the coverage by the two carriers.

The two "other insurance" clauses are as follows:

General Insurance Company:

10. Other Insurance. If at the time of an occurrence there is any other insurance available to the insured (in this or any other carrier) there shall be no insurance afforded hereunder as respects such occurrence except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. It is further provided that with respect to loss arising out of the operation, maintenance or use of any non-owned automo-

bile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.

Rocky Mountain Fire & Casualty Company:

15. Other Insurance—Coverages A, B & D (This includes coverage for property damage.) If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

Rocky Mountain makes eight assignments of error which present one question for this court to answer. As the two "other insurance" clauses are argued to be contradictory, is the language of the clauses to be disregarded and the loss prorated between the two insurers, since they both cover the same risk? We think not.

The "other insurance" clause in the General policy is termed an "escape-excess" clause and the Rocky Mountain clause is termed "pro rata." It is beyond dispute that either of said insurers would be liable except for the policy of the other. Rocky Mountain argues that no matter what the respective clauses of the two policies say as to the intent of the insurers, since the clauses are in conflict the loss should be prorated between the two insurers, so that General would be liable in part for the loss involved in this case. Rocky Mountain cites *Lamb-Weston, Inc. v. Oregon Auto. Ins. Co.,* 219 Ore. 110, 341 P.2d 110, 76 A.L.R.2d 485 (1959) and other cases as stating the rule which it now invites this court to adopt. Rocky Mountain urges a minority rule, which has been argued to this court previously, and has not been accepted. *Miller v. Allstate Ins. Co.,* 66 Wn.2d 871, 405 P.2d 712 (1965). We reject Rocky Mountain's argument and the reasoning on which it is based.

Inspecting the language of the two clauses, we find that the General policy cannot be other insurance within the meaning of the Rocky Mountain "other insurance"

clause as the General policy specifically declares: "Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured." In a recent case in which we construed "other insurance" clauses of two automobile insurance policies, we arrived at the same result. *Safeco Ins. Co. of America v. Pacific Indem. Co.*, 66 Wn.2d 38, 401 P.2d 205 (1965).

Rocky Mountain argues that if General is not held to a pro rata share of the loss, General will not have actually accepted any risk for the premiums accepted from Robert Shay. We cannot accept this argument as we have held above, consistent with the majority of other decisions, that the intent of the insurers as stated in the "other insurance" clauses is the determinative factor in these cases. The Sixth Circuit Court of Appeals has succinctly stated this idea in *Citizens Mut. Auto Ins. Co. v. Liberty Mut. Ins. Co.*, 273 F.2d 189, 194 (6th Cir. 1959) as follows:

> "Questions of contribution between coinsurers have caused much trouble to the courts, a large part of which has arisen through efforts to equalize equities outside the contract. This trouble is lessened if the parties are left with their contracts as they themselves have made them." [*Grollimund v. Germania Fire Ins. Co.*, 82 N.J.L. 618, 83 A. 1108, L.R.A. 1915B, 509.]

The declaratory judgment is affirmed.

HILL, ROSELLINI, HUNTER, and HALE, JJ., concur.