[No. 39521.    En Banc.    January 9, 1969.]

GENERAL INSURANCE COMPANY OF AMERICA, *Respondent*, v. STATE FARM INSURANCE COMPANY, *Appellant*.*

*Horton & Wilkins*, by *Hugh B. Horton*, for appellant.

*Loney, Westland & Raekes*, by *Philip M. Raekes*, for respondent.

*Reported in 449 P.2d 391.

WEAVER, J.—This is an action between two insurance companies—General Insurance Company of America, plaintiff-respondent and State Farm Insurance Company, defendant-appellant.

This appeal presents one question:

When coverage is provided by two insurance policies, one of which contains a pro rata clause and the other an excess clause, is the insurance carrier with the excess clause obligated to pay any sum unless and until the limits of the policy containing the pro rata clause have been paid?

The trial court answered the question in the negative. We affirm.

In December, 1961, a church-sponsored boy scout troop, was on an outing. Michael Atterberry, one of the scouts, was seriously injured. The scoutmaster was Leo Eldhardt; Harold Huston was assistant scoutmaster.

The injured boy, by his guardian, brought an action for damages against the church and Mr. Eldhardt; Mr. Huston was not a party to this lawsuit.

At the time of the accident, General had issued the following policies of liability insurance:

1. A policy for $100,000 on the Blue Mountain Council, Boy Scouts of America. This policy contains an "excess" clause. The excess clause reads as follows:

    If at the time of an occurrence there is any other insurance available to the insured . . . *there shall be no insurance afforded hereunder* . . . except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available . . . this policy shall afford excess insurance . . . . (Italics ours.)

2. A $50,000 liability policy covering the church and its minister. This also contains the "excess" clause set forth above.

3. Apparently a liability policy to Mr. Huston, the assistant scoutmaster. However, the provisions of this policy are not before the court.

State Farm had issued a $10,000 homeowners-liability policy to Leo Eldhardt, the scout leader. This policy contains a "pro rata" clause which reads as follows:

> If the insured has other insurance . . . the Company shall not be liable under this policy for a greater proportion of such liability than the applicable limit of liability stated in this policy bears to the total applicable limit of liability of all valid and collectible insurance.

The above clause, which is "pro rata" insurance, continues with a possible "excess" clause applicable to automobile insurance, but the latter is not applicable to the facts of this case.

The insurance companies settled the lawsuit for $10,000. General paid $7,500; State Farm $2,500. By stipulation, however, each of the companies reserved the right to institute suit against the other to recover the amounts paid under the settlement.

By summary judgment, the court directed that State Farm should pay $7,500 (plus interest) to General upon the theory that State Farm's "pro rata" policy for $10,000 was primary insurance and that General's policies did not afford insurance until the amount of other available insurance had been exhausted.

State Farm (appellant) urges that it is error to enter a summary judgment because Mr. Huston may have been the one responsible for the accident and, under the doctrine of respondeat superior, would thus attach liability under his General policy. We do not find merit in this argument, because Mr. Huston was not a party to the original action, which was settled; nor is Mr. Huston or his policy with General identified in any way by the written stipulation entered into by counsel for the parties. We do not have Mr. Huston or his policy before the court.

It is apparent that either of the insurers would be liable except for the policy of the other. The question to be determined is which insurer has the primary liability.

In a liability insurance policy having a "pro rata" clause, there is an expressed recognition of primary liability to the

extent of the policy coverage. The "pro rata" clause becomes effective only when there is other insurance.

In a liability insurance policy having an "excess clause," it is expressed that if there be other insurance, the policy does not furnish coverage unless liability exceeds the amount of the other insurance.

The two provisions are not repugnant.

The instant case was settled for $10,000, the amount of State Farm's policy. It contained a "pro rata" clause. General's policy, with an "excess clause," did not become operative; General is entitled to recover its settlement payment from State Farm.

This is neither an unusual nor startling conclusion. It is supported by four recent decisions of this court. *General Ins. Co. of America v. Rocky Mountain Fire & Cas. Co.*, 70 Wn.2d 384, 423 P.2d 537 (1967); *Western Pac. Ins. Co. v. Farmers Ins. Exch.*, 69 Wn.2d 11, 416 P.2d 468 (1966); *Safeco Ins. Co. v. Pacific Indem. Co.*, 66 Wn.2d 38, 401 P.2d 205 (1965); *Miller v. Allstate Ins. Co.*, 66 Wn.2d 871, 405 P.2d 712 (1965). See 41 Wash. L. Rev. 564 (1966).

Affirmed.

ALL CONCUR.