[No. 1971-1.  Division One—Panel 1.  February 26, 1973.]

ELLEN FOSTER *et al., Respondents and Cross-appellants,* v. SANDRA GIROUX *et al., Respondents,* WESTERN PACIFIC INSURANCE CO., *Appellant.*

*John H. Rayback, Hager & Young, Wallace B. Hager,* and *Steven L. Larson,* for appellant.

*Houghton, Cluck, Coughlin & Riley* and *Paul Coughlin,* for respondents and cross-appellants.

*Keating & Douglas, Robert C. Keating, Davies, Pearson, Anderson, Gadbow & Hayes, P.S., John C. Kouklis, Troup, Christnacht & Herron,* and *Donald F. Herron,* for respondents.

FARRIS, J.—Western Pacific Insurance Company appeals from a trial court ruling in a garnishment proceeding that a $50,000 judgment previously entered in favor of Ellen Foster and Edmund J. Foster, husband and wife, against Sandra Giroux and Terry Giroux, husband and wife, must be satisfied from the proceeds of its policy without contribution from Farmers Insurance Group, the excess carrier. The

judgment resulted from the jury trial of an automobile accident in which a vehicle driven by Mrs. Giroux and owned by her mother, Dorothy Williams, struck the Foster vehicle. Mrs. Williams was insured by Western and the Girouxes were insured by Farmers. The trial court determined that Western was the primary insurer and that Farmers was the excess carrier and therefore obligated to pay only such amounts as were not payable under the Western policy. *See General Ins. Co. of America v. State Farm Ins. Co.*, 75 Wn.2d 200, 449 P.2d 391 (1969).

At the trial of the primary action, the jury returned the following verdict:

> We, the Jury in the above entitled case, find for the plaintiffs in the sum of $50,000.00.

The verdict form was submitted at the specific request of the attorney for the Girouxes (who was provided by Western). As a result, there was no indication of what portion of the verdict was for property damage and for each plaintiff.

In the garnishment proceeding, Western asked the trial court to segregate the award and assigned error to (1) the failure of the trial court to segregate damages, and (2) the conclusion of the trial court that the entire $50,000 judgment was collectible under the Western policy. Western paid $25,000 as partial satisfaction of the judgment into the registry of the court and assigned error to (3) the ruling that the partial satisfaction of judgment should be applied first to costs and interest with the balance to the principal amount of the judgment.

No exception was taken in the primary action to the court's instruction on damages. The jury properly returned a lump sum verdict. There was no request made during the trial for segregation by the trial court or the jury. When there is no request by either party during the course of the trial to segregate items in a verdict, the court is without a basis to thereafter dissect the general verdict to determine what part represented what items. It can give

its own ruling on the question if the request is timely made, but the question was not properly before the court in the subsequent garnishment proceeding. *See Nylander v. Rogers,* 41 N.J. 236, 196 A.2d 1 (1963); *Gugliotta v. Great American Indem. Co.,* 124 N.J.L. 116, 11 A.2d 76 (1940); *Smith v. Phoenix Indem. Co.,* 119 N.J.L. 522, 197 A. 15 (1938). The record reflects that the court was limited in the garnishment action to reviewing the insurance policies and determining as a matter of law whether the judgment exceeded the policy provisions of the primary insurer Western.

■ The Western policy covered Mrs. Giroux as driver of the car. It provided up to $25,000 damages per person for bodily injuries sustained in each occurrence with a limit of $50,000 for two or more persons arising out of any one occurrence, plus $10,000 for property damage in each occurrence.

The trial court concluded:

> Each plaintiff has a present, equal, undivided one-half vested interest in and to the community judgment in the sum of $50,000.00, and it is presumed as a matter of law that the judgment, therefore, is for the injuries to Mrs. Foster in a sum of something less than $25,000.00, a similar and equal sum for the bodily injuries to Mr. Foster, and for something less than $10,000.00 for property damage, all of which totals the sum of $50,000.00. All of said judgment is covered by the Western Pacific Insurance Company policy under its terms, and, therefore, Western Pacific Insurance Company is obligated to pay the full amount of the judgment in the sum of $50,000.00 plus costs.

We hold that the fact that the judgment recovered by the Fosters in the primary action is community property does not affect the contractual obligations of the insurance companies or operate to increase the limits of liability of Western under its insurance policy. Western's liability for injuries sustained by two or more persons in one occurrence is the same whether those persons are related or not.

The policy provision in question does not deal with

> apportionment of damages but with limits of liability, and that limit is controlled by whether only one, or more than one, person is injured in one accident. . . . in the present case more than one person was injured and the limitation of liability for one accident is applicable.

*Cotton States Mut. Ins. Co. v. Phillips,* 108 Ga. App. 56, 59, 131 S.E.2d 803 (1963). In one accident in which there was property damage and two persons injured, Western's liability was limited to $50,000 for injury and $10,000 for property damage. The verdict was within those limits. The trial court correctly held that the judgment was collectible from Western.

Western argues that it paid $25,000 into the registry of the court with the request that it be applied in partial satisfaction of the judgment and that it was error to apply the sum first to costs and interest with the balance to the principal amount of the judgment. We agree.

█ A partial payment on a judgment has the effect of stopping the running of interest if accompanied by a request that the clerk apply the payment to the judgment in question. *See In re Estate of Bailey,* 56 Wn.2d 623, 354 P.2d 920 (1960). The $25,000 payment should have been applied to the principal amount.

The cause is remanded for the recomputation of interest and costs and for consideration of the motion for attorney fees on appeal. *Affirmed.*

SWANSON, C.J., and JAMES, J., concur.