## No. C-650

## Security Insurance Company of Hartford v. W. L. Houser

(552 P.2d 308)

Decided June 28, 1976.

Warberg & Mast, Sonja E. Warberg, D. Chet Mast, for petitioner.

March, March, Sullivan & Myatt, Arthur E. March, Jr., for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a garnishment proceeding in which the petitioner, Security Insurance, seeks review of a court of appeals decision, *Houser v. Eckhardt*, 35 Colo. App. 155, 532 P.2d 54 (1974), concerning the extent of the petitioner's obligation to pay interest on a judgment against its insured.

The respondent, W. L. Houser, brought a suit for damages resulting from personal injuries sustained in an automobile accident. At the time of the accident the defendant was protected by a policy of insurance issued by the petitioner. After a jury trial, the respondent was awarded a verdict in the amount of $63,000. Thereafter, the trial judge, pursuant to C.R.S. 1963, 41-2-1,[1] ordered that $28,501.20 be added to the verdict as interest.

_____
[1]Now section 13-21-101, C.R.S. 1973.

Accordingly, judgment was then entered for $91,501.20. The matter was appealed to the court of appeals which affirmed the judgment.

Subsequently, this garnishment proceeding was commenced. The petitioner tendered to the court the policy limits of $25,000 together with interest of $3,175.04, an amount equal to interest accrued on the $25,000 from the date of entry of judgment to the date of payment. The respondent replied to the garnishee's answer with the contention that the petitioner owed interest on the entire $91,501.20 judgment accruing after entry of judgment. The respondent based this contention on that portion of the insurance policy which states:

"II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy, the company shall:
* * * *

"(b)(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;
* * * *

and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

The trial court ruled that the petitioner was liable only for interest on the policy limit of $25,000, *i.e.*, $3,175.04. This ruling was reversed by the court of appeals which held that the petitioner was liable for interest on the entire judgment and that the $28,175.04 paid to the court be apportioned first to interest, with any remainder to be applied to principal. We affirm the judgment of the court of appeals.

I.

The petitioner contends that under the insurance policy it is liable to the respondent only for interest on $25,000, the limit of liability in the policy. It is, of course, apparent that the extent of the petitioner's obligation to pay interest on the judgment entered against its insured arises solely from the contractual provisions contained in the insurance policy. Further, it is axiomatic that the insurance policy should be interpreted as a whole. *No. American Accident Insurance Co. v. Cochran*, 74 Colo. 513, 223 P. 28 (1924).

We recognize that courts of other jurisdictions, interpreting the same "standard interest clause" here at issue, have disagreed as to the proper result. Some courts, a minority today, have held that the clause provides for interest after judgment only on the policy limits. Other courts have held that the clause provides for interest on the entire judgment. It appears that the trend in recent cases is to follow the latter interpretation.

*See generally*, Annot., 76 A.L.R.2d 983 (1959) and later case service. The division of opinion expressed by these cases illustrates the ambiguity of the standard interest clause.

■ We believe the clause properly is interpreted to mean the insurer is liable for interest on the entire judgment. First, the language of clause II(b)(2) contains no express limitation. It specifically makes the company liable for "*all* interest accruing after entry of judgment" until tender of the company's liability has been made. [Emphasis added.] In sharp contrast is the policy language contained in clause II(b)(1) dealing with limitations on certain bond premium payments where the policy specifically provides that such payment shall not be "in *excess of the applicable limits of liability* on this policy." [Emphasis added.]

■ Second, we must not ignore the purpose of the standard interest clause. The insurer controls any litigation from which liability might ensue and further controls settlement negotiations. Thus, the accrual of interest may be attributable to the insurer's decision to contest a judgment by appeal. Consequently, it is reasonable to impose the entire expense of accrued interest upon the insurer in view of the "company's right to control the conduct of the suit and its power to escape liability for interest through the payment or tendering of its part of the judgment into the court." *McPhee v. American Motorists Insurance Co.*, 57 Wis.2d 669, 680, 205 N.W.2d 152, 158 (1973).

Finally, many courts have noted that the insurance industry, itself, has always intended that the clause be interpreted to require payment of interest on the entire judgment, even though it exceeds policy limits. *See, e.g., Kraynick v. Nationwide Insurance Co.*, 80 N.J. Super 296, 193 A.2d 419 (1963); *Coventry v. Steve Koren, Inc.*, 1 Ohio App.2d 385, 205 N.E.2d 18, *aff'd*, 4 Ohio St.2d 24, 211 N.E.2d 833 (1965); *McPhee v. American Motorists Insurance Co., supra.*

The rationale of the cases supporting the doctrine holding the insurer liable for interest on the entire judgment under clauses such as are present here is most cogently presented by Mr. Justice Schaefer speaking for·a unanimous court in *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.*, 17 Ill.2d 242, 161 N.E.2d 101 (1959). We are in accord with the reasoning and result of that case. *See also Stamps v. Consolidated Underwriters*, 208 Kan. 630, 493 P.2d 246 (1972); *McPhee v. American Motorists Insurance Co., supra*; 1 *R. Long, The Law of Liability Insurance* § 9.01 (1966).

## II.

■ The court of appeals, in its opinion, ordered that the payment made by the petitioner be applied first to interest, then to principal. The court further held that since the $28,175.04 constituted only a partial payment on the insurer's obligation, the petitioner remains obligated to pay interest continuing to accrue on the balance of the judgment. The

petitioner, however, asserts that payment of the $28,175.04 terminated its obligation as to any further interest. This argument is based on that part of clause II(b)(2) of the insurance policy which states that the insurer is liable for interest "until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; . . ."

The petitioner contends that its "liability" was $25,000, which has been paid into the court. But, we have held today that the "liability" of the insurer is for interest on the entire judgment; this amount was not tendered to the court. The amount paid to the court constituted only a partial payment of the obligation. Under these circumstances, a tolling of further accrual of interest does not occur. Only the amount actually paid to the court ceases to earn interest.

The petitioner argues that the word "thereon" at the end of the clause refers to the limit of the insurance policy, i.e., $25,000. Thus, the petitioner contends that payment of the $25,000 with interest terminated the insurer's obligation. We think it is patently obvious that the referent of "thereon" is the word "judgment." Hence, the insurer's liability for interest does not terminate until payment or tender of the insurer's liability on the judgment.

The court in *River Valley, supra,* reached the same result as we do here regarding this identical contention. The court there noted that:
"The question must be appraised in terms of the rights of the insured against the insurer, because by this garnishment proceeding the plaintiff seeks to reach the indebtedness of the insurer to the insured. A valid tender by the debtor must be 'sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs.'" 17 Ill.2d at 246, 161 N.E.2d at 104. (citation omitted)
*See also, Cates v. Moyses,* 57 Mich. App. 405, 226 N.W.2d 106, *modified on other grounds,* 394 Mich. 762, 228 N.W.2d 380 (1975); *Home Indemnity v. Muncy,* 449 S.W.2d 312 (Tex. Civ. App. 1969); 1 *R. Long, The Law of Liability Insurance* § 9.02 (1966); *Cf., York Plumbing & Heating Co. v. Groussman Investment Co.,* 166 Colo. 382, 443 P.2d 986 (1968). We acknowledge that there are cases holding, consistent with the petitioner's argument, that payment of the policy limit by the insurer terminates any obligation for further accrued interest. *See, e.g., Levin v. State Farm Mutual Automobile Insurance Co.,* 510 S.W.2d 455 (Mo. 1974); *Hafer v. Schauer,* 429 Pa. 289, 239 A.2d 785 (1968); *Foster v. Giroux,* 8 Wash. App. 398, 506 P.2d 897 (1973). However, for the reasons expressed above we choose not to follow those cases.

The court of appeals was correct therefore in stating that the amount paid, constituting a partial payment, should be applied first to interest. This is the accepted general rule. *Savage v. Howell,* 45 N.M. 527, 118 P.2d 1113 (1941); *Landess v. State,* 335 P.2d 1077 (Okla. 1958);

*Clausing v. Virginia Lee Homes, Inc.*, 62 Wash. 2d 771, 384 P.2d 644 (1963); 45 *Am. Jur.2d Interest and Usury* § 99 n. 17 and cases cited therein. A contrary result may be dictated by agreement of the parties, but no such agreement existed here. The respondent protested from the beginning that the petitioner's $28,175.04 payment did not discharge its obligation; payment of that sum over to the respondent was allowed expressly without prejudice to the respondent's claims. The court of appeals correctly ruled that the amount paid be credited first to interest, then to principal.

Finally, the petitioner contends that to allow interest to accrue on the entire judgment, which, in part, is made up of interest, constitutes compound interest. Compound interest, the petitioner asserts, is not allowed under Colorado law.

We need only point out, to dispose of this contention that interest on a *judgment* is specifically authorized by C.R.S. 1963, 73-1-2.[2] And, of course, a judgment may be composed of both principal and interest. *See* C.R.S. 1963, 41-2-1;[3] *Crosby v. Kroeger*, 138 Colo. 55, 330 P.2d 958 (1958); *Butler v. Rockwell*, 17 Colo. 290, 29 P. 458 (1892).

The judgment is affirmed.

MR. JUSTICE HODGES does not participate.

[2]Now section 5-12-102, C.R.S. 1973.
[3]Now section 13-21-101, C.R.S. 1973.