[No. 3766–1. Division One. May 2, 1977.]

FEDERATED AMERICAN INSURANCE COMPANY, ET AL, *Respondents*, v. OSCAR HANSEN, ET AL, *Appellants*.

*Robert C. Keating,* for appellants.

*Murray, Dunham & Waitt* and *Matt Murray,* for respondents.

SWANSON, J.—This case arises out of an uncontested statement of facts. Yvonne and R. A. Hill were the owners of two automobile insurance policies covering the same automobile and issued to them by Federated American Insurance Company (Federated) and American States Insurance Company (American). While driving the family car, Yvonne Hill struck Oscar D. Hansen causing him to suffer severe bodily injuries. Hansen commenced an action in superior court which was subsequently settled for the sum of $35,000. In the settlement of Hansen's claim, American paid $20,000 of its insurance limit of $35,000, and Federated paid $15,000 of its $15,000 limit. These payments were made without prejudice to the rights of either company to prosecute a declaratory judgment action to determine the amount each company should have paid under the terms and conditions of their respective insurance policies.

In accordance with state law, Federated filed its policy with the State of Washington as proof of financial responsibility. RCW 46.29. It appears that American did not file its policy in a similar manner.

Under the terms and conditions of Federated's policy it was provided that

[i]f the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy and the insured agrees that this policy is excess over any other valid and collectable insurance and that this policy not apply until such other insurance has been exhausted.

Finding of fact No. 8, in part. This type of "other insurance" clause is commonly referred to as an "excess" or "escape" clause to be distinguished from a "pro rata" clause similar to that contained in the American policy:

> If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non–owned automobile shall be excess insurance over any other valid and collectible insurance.

Finding of fact No. 9, in part.

The trial court, in construing the two clauses, found the American policy to be primary and the Federated policy to be applicable only in the event claims were in excess of American's policy limits. Accordingly, the trial court found that American should have paid the entire $35,000 to settle the claim of Oscar Hansen before any payment was required by Federated. It is from this judgment that American appeals.

American appeals essentially on two points: (1) Whether the trial court erred in holding that the filing of Federated's insurance policy pursuant to RCW 46.29 did not cause it to become the primary policy, and (2) whether the trial court erred in holding that present Washington law requires a "pro rata" clause to be given primary effect over an "excess" clause.

▇ With regard to the first issue, American argues that RCW 46.29.490(6)(a) mandates that the policy which is filed to satisfy the requirements of the financial responsibility act is primary coverage in the event of an accident. However, upon carefully reviewing the provisions of the financial responsibility act, we find that nowhere does the act even intimate that a filed policy becomes primary to the exclusion of other nonfiled policies owned by the same

insured. We find no merit to this portion of appellants' argument.

Next we consider the second issue before us, namely, whether Washington law requires that a pro rata clause be given primary effect over that of an excess clause.

■ In *Safeco Ins. Co. of America v. Pacific Indem. Co.,* 66 Wn.2d 38, 401 P.2d 205 (1965), our Supreme Court, by implication, held that an excess insurance clause in a motor vehicle liability policy was neither invalid nor unconscionable and should be given effect even when in conflict with a pro rata contribution clause. *See Citizens Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co.,* 273 F.2d 189 (6th Cir. 1959); *American Sur. Co. v. Canal Ins. Co.,* 258 F.2d 934 (4th Cir. 1958). This position has been consistently reinforced in Washington. In *Miller v. Allstate Ins. Co.,* 66 Wn.2d 871, 405 P.2d 712 (1965), the Supreme Court reaffirmed its position enunciated in *Safeco Ins. Co.,* and at the same time rejected the reasoning of the minority view exemplified by *Lamb–Weston, Inc. v. Oregon Auto. Ins. Co.,* 219 Ore. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959).[1] The highest court of this state, when faced with issues similar to those under discussion here, has consistently held that

In a liability insurance policy having a "pro rata" clause, there is an expressed recognition of primary liability to the extent of the policy coverage. The "pro rata" clause becomes effective only when there is other insurance.

In a liability insurance policy having an "excess clause," it is expressed that if there be other insurance,

---

[1]The *Lamb–Weston* decision was based on the decision in *Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co.,* 195 F.2d 958 (9th Cir. 1952), which found the cases on the subject to be irreconcilable in both approach and result. The Ninth Circuit then held the excess and pro rata clauses to be mutually repugnant and ordered that each insurance company share, on an equal basis, the liability involved. Although this approach has been termed the "minority" view, it is perhaps gaining wider acceptance. *See, e.g., Werley v. United Servs. Auto. Ass'n,* 498 P.2d 112 (Alas. 1972), and cases cited therein.

the policy does not furnish coverage unless liability exceeds the amount of the other insurance.

The two provisions are not repugnant.

*General Ins. Co. of America v. State Farm Ins. Co.,* 75 Wn.2d 200, 202–03, 449 P.2d 391 (1969). *See also General Ins. Co. of America v. Rocky Mountain Fire & Cas. Co.,* 70 Wn.2d 384, 423 P.2d 537 (1967).

The judgment is affirmed.

FARRIS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied June 21, 1977.

Review denied by Supreme Court December 16, 1977.