**MONTGOMERY WARD AND CO., INC., Plaintiff-Appellant and Cross-Appellee,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, and Alan Charnes, Executive Director, Defendants-Appellees and Cross-Appellants.**

**No. 82CA0761.**

Colorado Court of Appeals, Div. I.

April 14, 1983.

Rehearing Denied May 12, 1983.

Ireland, Stapleton & Pryor, P.C., John H. Evans, Susan N. Weller, Denver, for plaintiff-appellant and cross-appellee.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Chris J. Eliopulos, Asst. Atty. Gen., Denver, for defendants-appellees and cross-appellants.

STERNBERG, Judge.

Montgomery Ward & Co., Inc., (Wards) appeals a judgment awarding interest to the Department of Revenue on a deficiency assessment, and judgment interest accruing as a result of that proceeding. The Department cross-appeals the court's denial of attorney fees. We affirm in part and reverse in part.

In 1964 Wards received permission from the Department to pay sales tax from its credit sales on a cash receipt basis. Thus, rather than remitting the entire sales tax when the sale was made, Wards could forward it as the payments were received.

In 1975, however, the Department determined that because Wards was selling its accounts receivable, it should be remitting sales tax on a "sales" or accrual basis. In April 1976, Wards was served with a notice of deficiency for the amount of tax owed on its deferred sales account balance as of February 1976, and also with an assessment of tax, interest, and penalty arising from an erroneous method of calculation not at issue here. Wards filed a protest and after a hearing on January 21, 1977, the executive director upheld the assessment. Wards was ordered to pay the tax due by March 2, 1977. On January 28, 1977, the director issued an order revoking the 1964 authorization. This order directed Wards to pay taxes on a "sales" or accrual basis beginning in February 1977.

On February 25, 1977, Wards filed a complaint and notice of appeal to the district court from the final determination of the executive director pursuant to § 39–21–105, C.R.S.1973. Wards obtained a stay of the order pursuant to § 24–4–106, C.R.S. 1973, in March 1977, and posted bond pending final adjudication of the validity of the order. It continued to remit sales tax on a cash receipt basis throughout the proceedings. Wards paid the February 1976 assessment on its regular remittance schedule, which covered a period of approximately 17 months from the date of sale, and completed payments in July 1977. Following a trial in February 1978, the court upheld the assessment and order. At the same time it disallowed the penalty and interest on the unrelated assessment, finding that the method of calculation causing that deficiency had been mutually agreed on.

In 1979, the statute on credit sales tax, § 39–26–111, C.R.S.1973, was amended effective for sales after December 31, 1979. This amendment effectively revoked the director's order, but based on the remittance schedule Wards was using under the stay, remittance for December 1979 sales was not scheduled for completion until May 1, 1981.

Meanwhile the Supreme Court affirmed the trial court's February 1978 judgment, *Montgomery Ward & Co. v. Department of Revenue*, 628 P.2d 85 (Colo.1981), and remittitur was issued on June 9, 1981. On July 20, 1981, the Department made demand for moneys due as a result of the judgment in its favor, requesting interest pursuant to § 39–21–109, C.R.S.1973, for the underpayment between the effective date of the director's order and the date of the district court judgment; post-judgment interest on the amount of tax due from Wards' deferred accounts between the date of judgment and May 1981 pursuant to § 5–12–102, C.R.S.1973; and interest pursuant to 5–12–102, C.R.S.1973, on the outstanding balance of interest due on May 1, 1981 and not paid, from the date remittitur issued to the date of satisfaction of the judgment and interest.

Arguing that the February 1978 judgment was for only the specific amount assessed in the notice of deficiency, that no other penalty or interest had been assessed as required by § 39–21–109, C.R.S.1973, and that the amount had been fully paid by

July 1977, Wards moved, on July 31, 1981, for satisfaction of judgment in the trial court.

On August 5, 1981, Wards notified the Department of its intent to terminate, six months from the notice, the extension of time for assessments to which it had previously agreed. The Department responded on August 12, 1981, with a motion under C.R.C.P. 65.1 to proceed against surety. In its supporting brief the Department asserted that the February 1978 judgment affirmed on appeal was not limited to the 1976 assessment. Instead, it argued the judgment affirmed its right to immediate receipt of all sales tax and, thus, was a judgment for all amounts in the deferred sales account from the date of the order forward. The Department filed an affidavit indicating the average balance in Wards' account from the time following the first assessment until May 1981. The court held a non-evidentiary hearing on November 13, 1981, but postponed ruling pending further briefing. The Department also tendered a motion for attorney fees.

On January 28, 1982, apparently as a separate matter from its motion to proceed against surety, the Department notified Wards of a jeopardy assessment and made demand for immediate payment of the tax and penalty and interest on the sales tax improperly deferred.

The Department filed an affidavit on February 17, 1982, containing calculations of interest due on the total amounts of sales tax in the deferred account based on figures obtained from Wards. Without taking additional evidence the court made its findings and conclusions on April 7, 1982, entering judgment for the Department for the amounts assessed in the Department's July 20 demand for payment, to wit: interest on the tax due and unpaid from the date of the director's final determination to revoke until judgment entered on February 6, 1978, pursuant to § 39–21–109, C.R.S.1983; interest on the tax in Wards' deferred sales tax account for the period following the date of judgment until Wards completed payments under the old

statute pursuant to § 5–12–102, C.R.S.1973 (1982 Cum.Supp.); and interest on the amount due and not paid on May 1, 1981, from the date of remittitur from the Supreme Court until the judgment was satisfied. The court also denied the Department's request for attorney fees.

Wards filed a C.R.C.P. 59(e) motion alleging it had been given until April 8, 1982, to file objections to the figures submitted by the Department, that it did so, but that the court entered judgment before the objections were filed. Wards also argued that the figures have no factual basis. The motion was denied and this appeal followed.

The basic issues in this appeal are whether the Department can recover interest under § 39–21–109, C.R.S.1973, under the director's January 1977 order to pay taxes on a sales basis, and whether the 1978 judgment affirming the order was one for a liquidated claim upon which the Department can recover judgment interest under § 5–12–102, C.R.S.1973 (1982 Cum.Supp.).

I.

We conclude the trial court erred in awarding interest under § 39–21–109, C.R.S.1973, for the tax due and unpaid from the date of the director's final determination to entry of judgment by the court in February 1978.

The Department claims that the director's order revoking permission to remit sales tax on a cash receipt basis was the equivalent of an on-going assessment of the entire balance of Wards' deferred account, and that the Department is automatically entitled to interest under § 39–21–109, C.R.S.1973. We disagree.

Section 39–26–118, C.R.S.1973, prescribes the procedure for recovery of sales taxes. Section 39–26–118(2)(a), C.R.S.1973, requires that the executive director of the Department of Revenue give a delinquent taxpayer written notice of estimated taxes, penalty, and interest due. This estimate becomes the notice of deficiency upon which the executive director makes his fi-

nal determination under § 39–21–103(1), C.R.S.1973. Section 39–21–109(1), C.R.S. 1973, authorizes the director to assess interest on taxes not paid when due, but under § 39–21–109(2), there must be notice, demand, and assessment in the same manner as the tax to which it is applicable. Similarly, the penalty and interest allowed under § 39–26–115, C.R.S.1973, for intentional non-payment is due only after notice and demand by the Department. As a creature of statute, interest may be collected only in accordance with statutory procedures. *Weaver v. First National Bank*, 138 Colo. 83, 330 P.2d 142 (1958). Because the Department did not assess interest on the tax liability in the manner prescribed by statute, awarding such interest was error.

We also note that in *Department of Revenue v. District Court*, 193 Colo. 553, 568 P.2d 1157 (1977), the Supreme Court reviewed entry of the 1977 stay and held that the same order upon which the Department relies now for interest under these sections was not an assessment of tax and notice of deficiency. The court held it was an administrative ruling, the review of which was governed by the administrative procedure act. Following that distinction, we hold that the revocation of permission to remit sales tax on a cash receipt basis was not a notice of deficiency and assessment of tax, and Wards did not become liable for interest under § 39–21–109, C.R.S.1973, for tax liability arising therefrom.

### II.

■ Interest on a judgment from the date of entry of judgment until satisfaction thereof is authorized by § 5–12–102(4), C.R.S.1973 (1982 Cum.Supp.). *Security Insurance Co. v. Houser*, 191 Colo. 189, 552 P.2d 308 (1976). But Wards argues the 1978 judgment was not a liquidated judgment upon which interest can be awarded. We disagree.

The judgment entered in 1978 upheld the director's order to remit sales tax on a sales or accrual basis. Determination of a figure for the tax due at that time was prohibited by Wards' accounting method, as the Supreme Court noted in *Montgomery Ward & Co., Inc. v. Department of Revenue, supra*, and because the stay delayed use of an accounting method from which an exact figure could be determined. The fact that the amount due is disputed or unclear does not render the claim unliquidated for the purposes of awarding interest. *Quad Construction, Inc. v. Wm. A. Smith Contracting Co.*, 534 F.2d 1391 (10th Cir.1976).

■ The entitlement to judgment interest under § 5–12–102, C.R.S.1973 (1982 Cum.Supp.) is affirmed. But, rather than being limited to the period between February 6, 1978 and May 1, 1981, we hold that interest is due from February 6, 1978, until the judgment is satisfied on the amount of tax liability in Wards' deferred sales account from 1978 until the statute was amended. Because the trial court's award of interest was limited to the period between February 1978 and May 1981, and because Wards did not have an opportunity to review the figures used to compute interest, the cause must be remanded for the trial court to enter specific findings following a hearing on that issue.

### III.

■ We also hold that part of the judgment which awards additional interest on the interest due and unpaid on May 1, 1981, was in error.

Although interest may be awarded on a judgment composed of interest and principal, *Security Insurance Co. v. Houser, supra*, the original judgment involved here did not contain an assessment of interest, nor was this an attempt to fashion an award of compound interest as permitted by § 5–12–102(4), C.R.S.1973 (1982 Cum. Supp.). Thus, the entry of additional interest was improper.

### IV.

■ Finally, we conclude that the trial court did not abuse its discretion in refusing to award attorney fees to the State.

The court found that the case involved complex issues not subject to certain interpretation. Awarding attorney fees is discretionary with the trial court and will not be disturbed if supported by the evidence. Section 13–17–101, C.R.S.1973 (1982 Cum.Supp.); *Wyatt v. United Airlines, Inc.*, 638 P.2d 812 (Colo.App.1981).

The judgment is affirmed as to the determination that Wards was obligated to pay interest from the date of judgment to the satisfaction thereof, and is reversed as to the award of interest under § 39–21–109(1), C.R.S.1973, on the tax that became due after the director's final determination, and as to additional interest awarded on the unpaid interest. The cause is remanded for computation of the interest due under § 5–12–102, C.R.S.1973, on the difference between the amount of tax Wards would have paid each month under the sales or accrual basis, and the amount actually paid by Wards for all taxes owed on sales transactions between February 1978 and December 31, 1979.

SMITH and COYTE,* JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.).