Christa G. BOHRER, Plaintiff–Appellant,

v.

CHURCH MUTUAL INSURANCE COMPANY, Garnishee–Appellee.

No. 99CA1224.

Colorado Court of Appeals, Div. V.

June 22, 2000.

Certiorari Denied Nov. 14, 2000.

Seelen & Associates, Joyce Seelen, Denver, Colorado, for Plaintiff–Appellant

Overturf & McGath, P.C., Peter H. Doherty, Denver, Colorado, for Garnishee–Appellee.

Opinion by Judge CASEBOLT

In this post-judgment proceeding, plaintiff, Christa G. Bohrer, appeals the order denying her request for judgment against the garnishee, Church Mutual Insurance Company, for interest on the uncovered portion of a compensatory damage award and interest on the punitive damage award. We affirm.

Plaintiff sought counseling from the youth minister employed by her church. During the latter part of the six-year counseling relationship, the minister repeatedly engaged in inappropriate sexual conduct with plaintiff.

Plaintiff subsequently brought a civil action against the minister, the church, and the conference to which the church belonged. The jury found in favor of plaintiff and against the minister on her breach of fiduciary duty and outrageous conduct claims and awarded compensatory and punitive damages. The jury also found against the church and the conference. Those judgments were affirmed in part and reversed in part by divisions of this court. *See Bohrer v. DeHart,* 943 P.2d 1220 (Colo.App.1996); *Bohrer v. DeHart,* 944 P.2d 633 (Colo.App.1997). Thereafter, on certiorari review of the latter holding, the supreme court reinstated the judgment against the minister. *Bohrer v. DeHart,* 961 P.2d 472 (Colo.1998).

In the meantime, plaintiff attempted to collect the judgment against the minister from the garnishee, a liability insurer. Determining that the minister was not insured under the terms of the insurance policy, the trial court denied plaintiff's traverse of the garnishee's response to the writ of garnishment.

On appeal, a division of this court affirmed the trial court's order, concluding that, because the damages plaintiff sought through her counseling claim were so intertwined with her sexual misconduct claim, they were inseparable and, thus, were excluded under the policy. *See Bohrer v. Church Mutual Insurance Co.*, (Colo.App. No. 95CA1692, Jan. 30, 1997) (not selected for official publication).

On certiorari, the supreme court reversed that determination, holding that the insurance policy covered the minister's misconduct during the twenty-one months of counseling that preceded the sexual misconduct. The court remanded the case with directions to apportion the percentage of compensatory damages that could be attributed to the counseling period and the percentage of damages that resulted from the sexual misconduct. *See Bohrer v. Church Mutual Insurance Co.*, 965 P.2d 1258 (Colo.1998).

On remand, following an apportionment hearing, the trial court determined that seventy percent of the compensatory damages caused by the minister arose out of the counseling period and were therefore covered by the insurance policy. It also concluded that plaintiff was entitled to recover post-judgment interest on the seventy percent of the total damages covered by the policy. That ruling is not at issue in this appeal.

Plaintiff also requested the trial court to enter judgment against the garnishee for post-judgment interest on the thirty percent of the compensatory damages not covered by the insurance policy, and for all of the post-judgment interest accrued on the punitive damages. Plaintiff contended that, pursuant to the supplementary payments clause in the insurance policy, the garnishee was required to pay interest on the entire judgment regardless of the amount attributed to the minister's counseling. The provision in question states:

> [T]he Company will pay, in addition to the applicable limit of liability:
> All expenses incurred by the Company, all costs taxed against the insured in any suit defended by the Company and all interest on the entire amount of the judgment therein which accrues after entry of the

judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon.

The trial court denied the request. It held that, because public policy prohibits an insurance carrier from providing insurance coverage for punitive damages and damages caused by intentional wrongs, it would be illogical to require the garnishee to pay interest on the punitive damages and the uncovered compensatory damages. This appeal followed.

I.

■ Plaintiff contends the garnishee is liable for post-judgment interest on the entire amount of compensatory and punitive damages. We disagree.

■ Insurance contracts are construed in accordance with the general law of contracts. It is a long-standing principle of such law that a contractual provision is void if the interest in enforcing the provision is clearly outweighed by a contrary public policy. *F.D.I.C. v. American Casualty Co.*, 843 P.2d 1285 (Colo.1992); Restatement (Second) of Contracts § 178(1) (1981).

■ Because punitive damages are intended to punish the defendant for wrongful acts and to deter similar conduct in the future, public policy prohibits an insurance carrier from providing insurance coverage for punitive damages. *Lira v. Shelter Insurance Co.*, 913 P.2d 514 (Colo.1996). Similarly, the supreme court has recognized a public policy against indemnifying a party for damages resulting from intentional or willful wrongful acts. *Bohrer v. Church Mutual Insurance Co., supra; American Family Mutual Insurance Co. v. Johnson*, 816 P.2d 952 (Colo. 1991) (purpose of excluding intentional injuries from coverage is to prevent extending to the insured a license to commit harmful, wanton, or malicious acts).

Here, even if we were to assume, without deciding, that the language of the insurance policy would require garnishee to pay all interest on the entire amount of the judg-

ment, *see Security Insurance Co. v. Houser,* 191 Colo. 189, 552 P.2d 308 (1976), including the uncovered portion of the compensatory damages and the punitive damages, such a provision would violate Colorado public policy and would, therefore, be unenforceable. *See Lira v. Shelter Insurance Co., supra* (to allow recovery of amounts which derive from the insured's own wrongful conduct undercuts the public policy against the insurability of punitive damages).

### II.

Plaintiff nevertheless contends that the public policies supporting provisions for post-judgment interest are different from and do not undermine the policies that support holding a defendant solely liable for his or her own intentional conduct and for punitive damages. Accordingly, she asserts, an insurer should be required to comply with its express promise to pay for post-judgment interest on all compensatory and punitive damages. We reject this contention.

Even if the public policies behind statutes providing for post-judgment interest are, as plaintiff contends, to compensate the plaintiff for the loss of use value of money damages and to diminish the profitability of appeal, we cannot ignore the purpose and nature of the underlying damage award. To accept plaintiff's contention would produce the illogical result of penalizing the insurance company for not paying a judgment it is not legally obligated to pay. *See Casey v. Calhoun,* 40 Ohio App.3d 83, 531 N.E.2d 1348 (1987); *Perez v. Otero,* 415 So.2d 101 (Fla.Dist.Ct. App.1982).

Plaintiff also relies on *Fratus v. Republic Western Insurance Co.,* 147 F.3d 25 (1st Cir.1998) and *Security Insurance Co. v. Houser, supra,* to support her contention that the insurer should be required to pay the entire amount of post-judgment interest because it has the power to control both the litigation and the tolling of interest. Those cases, however, involved money judgments that were covered by the provisions of the insurance policy but exceeded the insured's

policy limits. They are inapplicable in a case in which, as here, plaintiff is seeking interest on damages that are not only not covered under the insurance policy, but are uninsurable as a matter of public policy.

In view of this disposition, we need not address plaintiff's contention that the garnishee could have stopped the accrual of interest by depositing the compensatory damages award and accumulated post-judgment interest with the court. Further, we need not address garnishee's asserted alternative grounds to support the judgment of the trial court.

■ Accordingly, because we conclude that an insurer's promise to pay post-judgment interest on punitive damages and damages for intentional torts is against public policy, the trial court properly denied plaintiff's request to enter judgment against the garnishee for the interest on all the compensatory damages and punitive damages awarded against the minister at trial.

The order is affirmed.

Judge RULAND and Judge STERNBERG *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S.1999.